No. 17.—Nicholas Tompkins, plaintiff in error, *vs.* Robert Corry, administrator of Wm. J. Garmany, defendant.

[1.] The verdict of the jury will be set aside, and a new trial ordered, not only when it is without evidence to warrant it, but *against* the only testimony submitted upon the point, to which their finding has reference.

Nicholas Tompkins *vs.* Robert Corry, administrator.

[2.] The verdict of the jury will be set aside as contrary to Law, when it fails to cover all the issues made by the pleadings, and the proofs submitted in support thereof.

In Equity, in Heard Superior Court.   Tried before Judge HILL, April Term, 1853.

The facts in this case are as follows:

In October, 1839, Nicholas Tompkins sold to Wm. J. Garmany, a tract of land, for the sum of $16,000; for the purchase money of which he took Garmany's notes, due as follows: $3,000, January 1, 1841; 3,000, January 1, 1842; $3,000, January 1, 1843; $4,000, January 1, 1844; besides $3,000, which was paid in cash. To secure the notes, he took a mortgage on the premises. In 1840, Garmany re-sold the land to Tompkins, on the following terms, as stated by a witness, who took it down in writing at the time : " Tompkins was to take back the land at $11,000, in Garmany's notes ; and as Garmany was involved, and there were executions against him, Tompkins was not to take a deed from Garmany, lest the land should be made subject to the executions ; but Tompkins was to foreclose the mortgage, and have the land sold, and bid it in, and let it bring what it might ; Garmany was to have credit on the mortgage, for eleven thousand dollars, in the notes which Tompkins held for the original purchase money.   That Tompkins was owing Garmany, on sundry accounts, about $1,780, which was agreed to be placed as a credit on the last note due, which they called the large note, for $4,000 ; and that this credit was put on the note last due, because they wanted the mortgage foreclosed on the notes that fell due first ; that it might be done as soon as possible.   That the credit of eleven thousand dollars was not to be entered on the notes then, but when the mortgage was foreclosed, and there was to be no interest." Under this contract, Garmany gave immediate possession of the premises to Tompkins.   This was the testimony of Josiah Jacobs, the witness who, in the suit hereinafter mentioned, testified as to the contract.   Subsequently Garmany died ; no farther steps having

been taken in the matter; and in 1845, Corry, his administrator, brought his action of ejectment against Tompkins, to recover back the premises. Tompkins filed his bill in Chancery for injunction of the ejectment suit, and for a specific performance of the contract. The bill alleged, substantially, the foregoing facts.

The answer of the administrator to this bill, set up the Statute of Frauds, as a defence against the contract; and asserted that there were credits to which the notes were entitled.

The testimony of complainant has been above recited.— The defendant offered no testimony. The jury returned the following verdict: " We, the jury, decree the right to the complainant, to foreclose the mortgage, after paying to the defendant the sum of thirteen hundred and forty eight dollars and sixty one cents, and that the costs of suit be divided between the parties at variance." Whereupon, complainant moved for a new trial, on the ground, that said verdict was contrary to and without evidence, and was contrary to Law.

The Court refused the motion, and complainant excepted to said refusal.

B. H. HILL, for plaintiff in error.

No one appearing for defendant in error, the plaintiff had leave to proceed *ex parte.*

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] We are clear that a new trial should have been granted in this case. There is not a scintilla of testimony to warrant the verdict. It could only have been rendered by computing interest on the items of mutual indebtedness between the parties : that is, on the $11,000 against Tompkins, from the time he went into possession of the land, in October or November, 1840; and then on each of the notes of Garmany, as they severally fell due, up to the time of rendering the decree, and

setting off one against the other, and striking a balance. And this, the jury could not do, in the face of the testimony of Josiah Jacobs, who swears positively, that no interest was to be reckoned on either side; and his evidence is uncontradicted.

Without calculating interest, there should have been a decree of $200 for the complainant. Garmany was still owing Tompkins the three first installments for the land, of $3,000 each; making $9,000; and $2,200 on the last or large note, as the parties called it, viz: $4,000, with a credit of $1,800; making the whole amount of Garmany's indebtedness to Tompkins $11,200. From this sum, deduct the $11,000, owing by Tompkins to Garmany, on the re-purchase of the land, and it leaves a balance in favor of Tompkins, of $200. Instead of which the jury, not only without proof, but against the oath of the only witness, who deposed as to the agreement, returned a verdict in favor of the defendant, for $1,348 61.

[2.] Besides, the verdict is contrary to Law. It does not find the issues made by the pleadings, and submitted to the jury for their consideration. There is no finding as to the prayer for a perpetual injunction, against the several actions of ejectment, brought by the administrator of Garmany, against Tompkins and his tenants; nor as to the plea of payment, filed against the proceeding for the foreclosure of the mortgage. And yet, upon a settlement of the account between the parties, Tompkins was entitled to this relief.

We must, therefore, send this case back. On the re-hearing, it will be competent for the defendant to offer proof of payments, by his intestate, provided any were made. If this should be done, and the mortgage debt be found to be unpaid, Tompkins must discharge the amount, before he will be entitled to a decree, for the re-conveyance of the land.

We do not intend to pre-judge the rights of creditors, if there be any; and we infer from the record, that there are outstanding debts still due and unpaid, against the estate of William J. Garmany. For Pleasant H. Whitaker testifies that he held

executions against the deceased, and had tried since his death to make the money on them, but had been unable to find property, out of which they could be satisfied. The claims of the creditors, could only be brought under judicial cognizance by the answer of Mr. Corry, the legal representative of Garmany; or by Bill of Interpleader, filed at their own instance. In remanding this cause, we cannot give directions, as to the creditors, because they are not before us, as parties to this proceeding. The Court of Chancery, will be open to them at any time, up to the final decree, which may be rendered in the premises.

Judgment reversed.