8136. MANGET-BRANNON COMPANY *v.* WHITE CROWN
FRUIT JAR COMPANY.

While the presumptions are in favor of the validity of verdicts, and they are to have a reasonable intendment, so as not to be avoided save from necessity, and while in any case the test of certainty is whether the verdict can be made certain by what it contains or by the record, still the judgment entered thereon must follow the true meaning and intent of the finding; and where the judgment fails to do this, and it is not possible to frame a judgment in accordance both with the true intent of the verdict and with the issues made by the pleadings, the verdict must be set aside and a new trial ordered.

DECIDED JUNE 18, 1917. REHEARING DENIED AUGUST 31, 1917.

Complaint; from Troup superior court—Judge Freeman. January 31, 1916.

The White Crown Fruit Jar Company brought suit against the Manget-Brannon Company for the purchase price of certain articles alleged to have been sold and delivered to the defendant under a contract, a copy of which was attached to the petition. The defendant answered, denying liability, pleading false representations, fraud, and failure of consideration, and asked a rescission of the contract, and pleaded tender, setting up that immediately after it discovered the alleged fraud in the procurement of the contract, it made continuing tender to the plaintiff of the sum of $224.50, as representing the contract price of that part of the purchased articles which had already been disposed of, and like tender of the articles remaining on hand and undisposed of, to wit: 112 gross of caps, and 3 gross of gaskets. The jury returned

a verdict as follows: "We, the jury, find for the plaintiff $284.50, and that the defendant company ship back to plaintiff ninety gross White Crown Jar caps complete, prepaying freight on same, and in default thereof to pay contract price for same, and that plaintiff pay cost of suit." After the jury had dispersed, but during the term of court at which the verdict was rendered, the plaintiff filed a motion to be allowed to enter up judgment thereon for $532, this sum representing the amount of money found against the defendant by the verdict, together with the contract price of the 90 gross of caps as shown by the contract sued on. The court granted this motion, and judgment was entered accordingly; and the defendant excepted.

The plaintiff contended that since the jury found for it a money verdict for an amount exceeding that of the tender pleaded by the defendant, that part of the verdict which provides that the plaintiff shall pay the costs of suit is surplusage and should have been stricken, as the law determines the party against whom costs shall be taxed, and it is not within the province of the jury, in such a case, to assess costs against the prevailing party. It was further contended that the verdict as rendered, under the issues made by the pleadings, amounted to a finding that the defendant was liable for the contract price of the goods set out in the order of purchase sued on, and that the only possible legal verdict that could have been rendered under the issues submitted was either one in behalf of the plaintiff, for the contract price of the goods sold, or one in favor of the defendant, based on a rescission of the contract and the tender pleaded. The plaintiff contended that the legal meaning of the verdict, as related to the issues made by the pleadings, is that the plaintiff shall recover $284.50 and the further sum of $247.50, the latter amount being the contract price of 90 gross of White Crown Jar caps, which latter sum the defendant might discharge by shipping back to the plaintiff, freight prepaid, the articles named; and that so much of the verdict as finds that the plaintiff shall recover $284.50, and that the defendant is liable for the contract price of the 90 gross of caps, is legal, as being in accordance with the issues made by the pleadings, but that so much of the verdict as provides that the defendant can discharge its liability for the contract price of the 90 gross of caps by returning them is surplusage, since the jury found against the tender set up

by the defendant. On the other hand, it was contended by the defendant that the jury by their verdict meant to sustain that part of the tender in which the defendant proposed to deliver back the articles remaining unsold, and that, whether the verdict was legal or illegal under the issues made, this was the only construction that could be given to it, and that if the verdict did not cover the issues made by the pleadings, the court was powerless, after the jury had dispersed, to do anything other than set it aside; that what the court did amounted in effect to amending the verdict, and the court had no authority to amend it.

*W. C. Wright, W. G. Post,* for plaintiff in error, cited: *McCrary v. Gano,* 115 *Ga.* 295 (41 S. E. 580); *Smith v. Pilcher,* 130 *Ga.* 350 (60 S. E. 1000).

*Hall & Jones,* contra: The construction of verdicts is a matter for the court. *Thompson v. Turner,* 69 *Ga.* 219. A verdict is certain which can be made certain by what it contains and by the record. *Giles v. Spinks,* 64 *Ga.* 205 (3); *Jackson v. Jackson,* 47 *Ga.* 99 (1); *Harvey v. Head,* 68 *Ga.* 247 (1); *Steed v. Cruise,* 70 *Ga.* 168 (9 *a*); *Central of Ga. Ry. Co. v. Mote,* 131 *Ga.* 166 (2) (62 S. E. 164); *Telfair County v. Clements,* 1 *Ga. App.* 437 (2) (57 S. E. 1059); *Smith v. Hightower,* 3 *Ga. App.* 197-199 (4) (59 S. E. 593); *Tifton Ry. Co. v. Butler,* 4 *Ga. App.* 191 (2 *a, b*) (60 S. E. 1087); *Geer v. Thompson,* 4 *Ga. App.* 756 (3) (62 S. E. 500); *Harper v. Vickers,* 7 *Ga. App.* 373-4 (66 S. E. 990); *Monk-Sloan Supply Co. v. Quitman Oil Co.,* 10 *Ga. App.* 390 (73 S. E. 522); *Davis v. Preston,* 12 *Ga. App.* 65 (2) (76 S. E. 766). Verdicts should receive a reasonable construction, and are not to be avoided unless from necessity. Civil Code (1910), § 5927. The test of sufficiency of a verdict is whether it is so certain that the court can give a legal judgment upon it. *Seifert v. Holt,* 82 *Ga.* 757 (2) (9 S. E. 843); *Atlantic & Birmingham Ry. Co. v. Brown,* 129 *Ga.* 622 (4) (59 S. E. 278); *Cothran v. Donaldson,* 49 *Ga.* 458 (2); *Williams v. Brown,* 57 *Ga.* 304 (4); *Mayor of Macon v. Harris,* 75 *Ga.* 761 (10); *Hardin v. Johnston,* 58 *Ga.* 522 (1); 29 Am. & Eng. Enc. Law, 1025. Where a jury attempts to award costs, that part of the verdict will be rejected as surplusage and will not affect the other part. *Southern Ry. Co. v. Oliver,* 1 *Ga. App.* 734 (6) (58 S. E. 244); *Hudson v. Hawkins,* 79 *Ga.* 274 (4) (4 S. E. 682); *North & South Street R. Co. v.*

*Crayton,* 86 *Ga.* 499 (12 S. E. 877); *Southern Express Co.* v. *Maddox,* 3 *Ga. App.* 223 (2) (59 S. E. 821); 22 Enc. Pl. & Pr. 862 et seq.; 38 Cyc. 1877, 1878, 1884-5, 1890, 1896. The jury found against the tender as pleaded by the defendant. A tender of less than is due is no tender. *Hiller* v. *Howell,* 74 *Ga.* 174; *Smith* v. *Pilcher,* 130 *Ga.* 355 (60 S. E. 1000).

JENKINS, J. (After making the foregoing statement.) If the jury had simply found for the defendant under the pleadings, the effect of the verdict would have been a rescission of the contract, and under it a judgment would have been entered accordingly, with recovery for the plaintiff in the amount of the tender and of the articles so offered to be returned. The gist of the tender as pleaded was the offer to return the unused portion of the articles received, together with the equivalent in value of such as had been disposed of prior to the ascertainment of the alleged fraud. It appears that they manifestly undertook to find in favor of the rescission asked and for the tender pleaded, except that it appears to have found that the amount of money tendered did not represent the contract price of all the articles disposed of, and that consequently a corresponding portion of the articles embraced in the tender were not subject thereto. But while the verdict appears to have been in favor of the rescission, and attempted to enforce the tender as in substance made, still the finding can not be said even in substance to have covered the issues made by the pleadings. There are fatal deficiencies and discrepancies between it and the pleadings, and this court is of the opinion that the verdict rendered should therefore be set aside, in order that a finding either for the plaintiff or for the defendant, upon the issues made, may be had. Civil Code (1910), § 5924.

While it is true, as contended by the defendant in error, that the presumptions are in favor of the validity of verdicts, which must be given a reasonable intendment and sustained whenever it is possible to do so, applying for such purpose the maxim which holds that to be certain which can be made certain, still in doing so expression must be given to the true meaning and intent of the finding. *Southern Ry. Co.* v. *Oliver,* 1 *Ga. App.* 734 (5) (58 S. E. 244). In our opinion the judgment entered in this case is not in accordance with the true intent of the verdict; and since

it likewise fails to conform to the substance of the defense pleaded, it should be set aside, and a new trial ordered.

*Judgment reversed. Broyles, P. J., and Bloodworth, J., concur.*