9446.   MOULTRIE GROCERY CO. *v.* HOLMES-HARTSFIELD CO.

JENKINS, J. 1. Where a sale of merchandise in bulk is made without compliance with the provisions of the act approved August 17, 1903 (Civil Code of 1910, §§ 3226 et seq.), the purchaser is liable in garnishment to a creditor of the vendor, although the purchaser may have disposed of the goods prior to the service on him of the process of garnishment. *Jaques & Tinsley Co.* v. *Carstarphen Co.*, 131 *Ga.* 1 (62 S. E. 82). The fact that the debtor was a partnership, and that prior to the illegal sale to the garnishee one of the partners had sold out his interest to the other, would not defeat the rights of the creditor.

2. The question as to whether or not a judgment in favor of a subsequent purchaser from the garnishee, under a claim filed under an attachment levy instituted by the creditor against the original debtor, amounts to an adjudication in favor of such garnishee that the sale to him was not fraudulent, is not involved where in the garnishment proceeding no

such defense is pleaded. *Sumner* v. *Sumner*, 121 *Ga.* 1 (6), 10 (48 S. E. 727); *Reid* v. *Caldwell*, 120 *Ga.* 718 (4) (48 S. E. 191).

3. The purchaser of merchandise in bulk is not relieved from the duty of notifying the creditors of the vendor of such proposed sale, as prescribed by section 3227 of the Civil Code, by reason of a verbal notice given to them by the vendor himself.

4. The court did not err in refusing to allow the garnishee to go behind the judgment setting up the amount due the garnishing creditor by the principal debtor.

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*
DECIDED JULY 12, 1918.

Garnishment; from Colquitt superior court—Judge Thomas. November 24, 1917.

*W. F. Way*, for plaintiff in error. *Parker & Gibson*, contra.