## 13744.   GARRETT *v.* WALL.

JENKINS, P. J.  Wall sued Garrett on an oral contract for services rendered, and by his petition as amended alleged in substance as follows: Garrett, on or about March 1, 1919, agreed with the plaintiff "that if he, Wall, would induce Frank Darby, or Darby Lumber Company, or any one else, to purchase" certain described sawmill timber belonging to Garrett "at a price to be fixed and agreed upon between said purchaser, whoever it might be, and said Garrett, he, Garrett, would pay to said Wall the sum of $1,000 for such services;" that, acting under said contract of employment and in compliance with the terms thereof, Wall immediately saw and interested the parties mentioned in a purchase of the property described, and by his efforts induced them to go and see the defendant, "looking to a purchase from said defendant of said sawmill timber;" and that as a result of such compliance with plaintiff's contract with the defendant, the defendant, on or about April 1, 1922, agreed upon and actually consummated with the prospective purchaser thus procured by the plaintiff a contract of sale covering the timber described.  The defendant demurred to the petition (the grounds of objection being preserved by exceptions taken pendente lite) because the petition showed that the contract sued on was not in writing, and therefore unenforceable under the statute of frauds, and because it was lacking in certainty and mutuality.  A verdict having been rendered in favor of the plaintiff, the defendant excepted to the overruling of his motion for new trial, based on the general grounds, and further complained that the court on its own motion did not submit to the jury the question as to whether the plaintiff had shown by the evidence that the contract had been complied with within a reasonable time.  *Held:*

1. A contract for the performance of services such as are above set forth does not come within the provisions of the statute of frauds (Civil Code (1910), § 3222 (4) ), as constituting a "contract for the sale of lands, or any interest in, or concerning them;" but even if it did, the rule would not be applicable "where there has been performance on one side, accepted by the other in performance of the contract."  Civil Code (1910), § 3223 (2).

2. "A contract is an agreement between two or more parties for the doing or not doing of some specified thing."  Civil Code (1910), § 4216.  "To constitute a valid contract, there must be parties able to contract, a consideration moving to the contract, the assent of the parties to the terms of the contract, and a subject-matter upon which it can operate."  Civil Code, § 4222.  While the plaintiff does not bring his suit as a sales broker, who is entitled to commission on the theory of having found a purchaser "ready, willing, and able to buy, and who actually offers to buy on the terms stipulated by the owner," but in this case the subject-matter upon which the agreement operates lies in the agreement based upon the consideration of a sale by the owner of designated property, upon such terms as would be agreeable to the owner, to a person who has been found, interested in the proposition, and sent to the owner as a prospective purchaser, through the efforts of the plain-

tiff, there exists no legal reason why such a contract for services could not be entered upon; and when it is fully executed according to its terms the owner becomes liable for the compensation provided by the agreement. The evidence authorizes a finding in favor of the plaintiff upon the disputed issues, one of them being whether the offer as made by the owner was spoken seriously or in a spirit of fun and was so understood.

3. Where a contract fails to state the time within which it must be performed, a limit of a reasonable time will be presumed. In a suit on such a contract, it might in some cases be absolutely essential that the court, even without any request therefor, should give this principle of law in charge. But where, as here, no request for such instruction has been made, and no such defense was raised by the pleadings or contended for under the evidence, but where the only contested issues before the jury were whether or not the alleged contract had in fact been entered upon, and, if so, whether it had been actually performed, and where the undisputed evidence of the plaintiff shows that within a week, or, as the purchaser expresses it, " within a few days " after plaintiff's alleged employment, the purchaser, on account of the plaintiff's efforts, took up the matter of a purchase of the timber with the owner, and the negotiations continued until a contract of purchase and sale had been effected, which final consummation of the transaction, according to the evidence of the defendant himself, was not more than somewhere about 2 or 3 months after " the alleged contract with the plaintiff had been made, the verdict will not be set aside because the court did not of its own motion charge on the principle of law indicated. In addition to the fact that no such defense was actually relied on, such practically immediate performance on the part of the plaintiff made a finding in his favor, so far as this particular question is concerned, practically, if not indeed absolutely, demanded.

4. The jury found a verdict as follows: " We, the jury, find in favor of plaintiff for $1,000.00 and 7% interest from date demand was made on defendant for same." Upon this the court entered judgment for the principal sum of $1,000 " and $117.77 int.," together with future interest at 7 per cent. Exception is taken to the item of $117.77 interest because, as defendant contends, " the jury found no amount as interest and found no facts from which interest could be included in the judgment," and " because the amount involved was not liquidated until judgment, and therefore could bear no interest until after judgment."

(a) There is no merit in the contention that the claim was unliquidated.

(b) " Verdicts are to have a reasonable intendment, and are to receive a reasonable construction, and are not to be avoided unless from necessity " (Civil Code (1910), § 5927); and " while in any case the test of certainty is whether the verdict can be made certain by what it contains or by the record, still the judgment entered thereon must follow the true meaning and intent of the finding; and where the judgment fails to do this. and it is not possible to frame a judgment in accordance both with the true intent of the verdict and with the issues made by the pleadings," the verdict as rendered cannot be upheld. *Manget-Brannon Co.* v. *White Crown &c. Co.*, 20 *Ga. App.* 339 (93 S. E. 307). Assuming (but not deciding) that in a case such as this it would be

possible to look further than the pleading and to consider undisputed evidence to determine the date of the demand, in order to apply in the judgment the finding made by the verdict, here, while there is evidence of a demand by the plaintiff, not only is there no undisputed evidence as to when it was made, but we have been unable to find any evidence at all as to its date. While it is true that " if the jury render a verdict for a liquidated demand, they should give interest on it " (*Earnest* v. *Nappier*, 19 *Ga.* 537 (3) ), such already accrued interest should, as just indicated, be included by the terms of the verdict. But even were it possible to mold a judgment not " so as to follow the true meaning and intent of the finding," but to frame it, independently of any finding of the jury, so as to indicate interest  from the time the  defendant became liable to pay (Civil Code of 1910, § 3434), even this could not be done from any exact data disclosed in the record. While the judgment should bear interest at the rate of 7 per cent. from the date of its rendition, the item of accrued interest, amounting to $117.77, included therein, is, as the record stands, illegal. ·If, within 20 days from the time the judgment of this court is made the judgment of the court below, the plaintiff will strike such designated unauthorized item from the judgment, the judgment of the court below will stand affirmed; otherwise it will be reversed.

·        *Judgment affirmed on condition. Stephens and Bell, JJ., concur.*

DECIDED FEBRUARY 15, 1923.

Complaint; from Berrien superior court — Judge Dickerson. June 10, 1922.

*J. D. Lovett, W. R. Smith,* for plaintiff in error.

*John P. & Dewey Knight,* contra.