### 15869.   ROBERTS *v.* CITIZENS BANK & TRUST COMPANY.

JENKINS, P. J.   1.   While the presumptions are in favor of the validity of verdicts, and they are to have a reasonable intendment, so as not to be avoided save from necessity, and while in any case the test of certainty is whether the verdict can be made certain by what it contains or by the record, still the judgment entered thereon must follow the true meaning and intent of the finding; and where it is not possible to frame a judgment in accordance with the certain intent of the verdict as construed with the pleadings, the verdict must be set aside and a new trial ordered. *Manget-Brannon Co.* v. *White Crown Fruit Jar Co.,* 20 *Ga. App.* 339 (93 S. E. 307).

2. While a traverse to an answer in a garnishment proceeding, which merely denies the truth of the answer, is sufficient (*Turner* v. *Rosseau,* 21 *Ga.* 240; *Barkley* v. *May,* 3 *Ga. App.* 101 (1), 59 S. E. 440), still where the traverse merely disputes the truth of an answer denying all indebtedness, a verdict which simply finds "in favor of the plaintiff" fails to establish any specific amount subject to the garnishment, such as would authorize a judgment thereon. Consequently, where such a situation appeared upon the face of the record as disclosed by the pleadings, including the verdict, and the verdict was not cured or

amended prior to the dispersing of the jury (*Smith* v. *Pilcher*, 130 *Ga.* 350, 60 S. E. 1000), a motion to arrest the entering of a judgment upon the verdict and to set the verdict aside on account of such apparent defects was properly sustained. The rule may be otherwise where the traverse in fact avers that the "garnishee was indebted to the defendant in a stated amount." In such a case a verdict "in favor of the plaintiff" might properly be construed as a finding in favor of the traverse, for the amount named therein. *Whaley* v. *Kear*, 139 *Ga.* 16 (2) (76 S. E. 3990). In the instant case the jury were instructed that in the event they found the plaintiff's contentions to be true, they should render a verdict in the form and manner in which they did; still, the evidence introduced on the trial is not specified, and there was no attempt to have it brought up as a part of the record, and therefore, even if, in construing the verdict, it were legal and proper to look further than the pleadings and to consider undisputed evidence as to what amount, if any, the garnishee had in his hands belonging to the defendant at the time the summons was served (*Garrett* v. *Wall*, 29 *Ga. App.* 642 (4 *b*), 116 S. E. 331; *Leffler* v. *Union Compress Co.*, 121 *Ga.* 40, 44, 48 S. E. 710), this court would not be authorized to assume that the judge erred in holding that the verdict, apparently insufficient, was not in fact insufficient to form the basis of a judgment.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED APRIL 10, 1925.

Garnishment; from city court of Bainbridge—Judge Spooner. August 11, 1924.

*H. G. Rawls, Hartsfield & Conger,* for plaintiff.

*J. C. Hale,* for defendant.