MOBLEY, superintendent of banks, v. RUSSELL et al.

No. 8558.　May 14, 1932.

*C. N. Davie, J. F. Kemp,* and *L. S. Camp,* for plaintiff.
*J. K. Jordan, Homer Beeland,* and *C. W. Foy,* for defendants.

HILL, J. 1. The exceptions pendente lite recite that the court passed an order upon the exceptions of the defendants to the auditor's report, approving all exceptions of fact and ordering that they be tried by a jury. The plaintiff excepts and assigns said ruling as error, upon the ground that it was contrary to law and contrary to the evidence. It is also recited that the court passed an order upon the exceptions to the auditor's report filed by the plaintiff, overruling all the exceptions of law. The error assigned is that "said ruling was and is contrary to law." These exceptions pendente lite do not specify plainly the errors complained of, and can not be considered by this court. *May* v. *Sorrell,* 153 *Ga.* 47 (2) (111 S. E. 810).

2. "An amendment to the pleadings, raising new and distinct issues, is not allowable after the filing of an auditor's report. But an amendment of a pleading to conform to the evidence submitted before the auditor without objection, and which does not raise any new issue, is permissible." *Cureton* v. *Cureton,* 120 *Ga.* 559 (2) (48 S. E. 162). The amendment did not

raise a new and distinct issue in the instant case. The verdict was in favor of all the defendants, and the amendment with reference to the tenure of office of Bazemore as a director of the bank could not injure the plaintiff.

3. The evidence was sufficient to authorize the verdict.

4. A ground of the motion complains that the court erred in allowing portions of the pleadings and evidence read to the jury, but neither the portions of the pleadings and evidence, which were alleged to have been read to the jury, were set out in substance or attached as an exhibit. Each ground of a motion for new trial must be complete within itself. *Held,* no error. *Owens* v. *Nichols,* 139 *Ga.* 475 (5) (77 S. E. 635) ; *Continental Trust Co.* v. *Bank of Harrison,* 36 *Ga. App.* 149 (136 S. E. 319) ; 1 Enc. Dig. Ga. R. Supp. 753.

5. In the brief of the plaintiff the point is made for the first time, under the general grounds of the motion for new trial, that the verdict was contrary to law, in that the jury found in favor of all the exceptions filed by the defendants, and it is insisted that this finding is not in conformity with the Civil Code (1910), § 5146, which provides that in all cases the jury shall find for or against each exception submitted seriatim. Counsel for the plaintiff cites, in support of this proposition, *Harris* v. *Lumpkin,* 136 *Ga.* 47 (6) (70 S. E. 869.) Even if the contention of counsel has merit, it is raised for the first time in the brief, and can not be considered. Moreover, the verdict was broad enough and explicit enough to cover each of the exceptions, where it recited: "We, the jury, find in favor of all exceptions to the auditor's report, filed by the defendants."

6. The charge of the court was not erroneous for any reason assigned. *Woodward* v. *Stewart,* 149 *Ga.* 620, 623 (101 S. E. 749) ; *Shannon* v. *Mobley,* 166 *Ga.* 430, 435 (143 S. E. 582) ; Briggs *v.* Spaulding, 141 U. S. 132 (11 Sup. Ct. 924, 35 L. ed. 662).

(*a*) The mere exercise by directors of poor judgment in making loans is not sufficient to form a basis of liability; for the directors merely assume the obligations to manage the affairs of the institution with diligence and good faith. Note to Williams *v.* Fidelity Loan & Savings Co., 45 A. L. R. 664, 684 (142 Va. 43, 128 S. E. 615) ; Miller *v.* Planters Bank & Trust Co., 169

Ark. 480 (275 S. W. 750; Wynn v. Tallapoosa County Bank, 168 Ala. 469 (53 So. 228) ; Warren v. Robison, 25 Utah, 205 (70 Pac. 989).

(b) The charge complained of was not confusing and misleading, nor was it lacking in clearness or fullness.

(c) A charge correct within itself is not necessarily erroneous because it fails to give in the same connection some other pertinent legal proposition. *S. A. L. Ry.* v. *Randolph,* 136 *Ga.* 505 (71 S. E. 887) ; *Lively* v. *Inman,* 135 *Ga.* 10 (4) (68 S. E. 703).

(d) The charge "that the auditor's report shall be taken by the jury as prima facie correct, as to each of these exceptions," was more favorable to the plaintiff than to the defendants, and was not harmful.

7. The refusal to charge was not erroneous. Where applicable and legal, the court charged the principles included in the requests to charge. As a general rule, it is error to charge that specified acts constitute negligence.

8. Other grounds of the motion not specifically dealt with are without merit.

9. The court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur, except Hines, J., absent for providential cause.*