No. 9486. NOVEMBER 14, 1933.

MORTON, receiver, *v.* WALLACE.

No. 9498. NOVEMBER 14, 1933.

*Watkins & Mundy, Mundy & Mundy,* and *E. S. Ault,* for plaintiff in error.

*John K. Davis,* contra.

RUSSELL, C. J. ■ Upon the controlling issue of fact in this case the testimony was in acute conflict. A verdict in favor of either party would have been authorized by the evidence. In these circumstances it must be held that the verdict in favor of the plaintiff was authorized.

■ The assignments of error contained in the first and second special grounds of the motion for a new trial are without merit. The court did not err in the admission of the testimony over the objection based on the absence of pleadings to reform the contract. The purpose and prayer of the petition was a cancellation of a deed on the ground that it had been obtained by fraud and deceit. If, as contended by plaintiff, the execution of the contract was merely one of the incidents or stages by which the deed he sought to cancel was procured, evidence tending to show that the contract itself was procured by fraud was admissible for the purpose of cancelling the deed. If, as the culmination of a fraud, a deed is ultimately

substituted for a contract of sale which was procured by fraud and deceit, either by continuance of the original fraudulent scheme, or by additional acts in furtherance of the fraudulent design, it is not necessary to ask a reformation of the contract alleged to be void on account of fraud, or to regard the contents of the contract except in so far as they may illustrate the issue as to whether the deed was obtained by fraud. Fraud in the procurement of a contract of purchase and sale is not eradicated merely by concluding the contract with a deed.

■ The objection to the testimony stated in ground 3 is without merit, as just pointed out.

■ The letter the admission of which is complained of in ground 4 was not erroneously admitted over the objection presented.

■ The instruction by the court to the jury, of which complaint is made in ground 5, while inapt in expression, was not erroneous for any reason assigned.

■ The excerpt from the charge of the court of which complaint is made in ground 6, while not intelligible when the excerpt is considered by itself, does not constitute such error as would authorize a reversal of the judgment, since it appears from the charge that the jury were plainly and distinctly instructed three times that fraud is never presumed. The court did not err in instructing the jury that the contents of the contract would be immaterial if the jury were satisfied by the evidence that it was obtained by fraud. The excerpt was not prejudicial, injurious, or argumentative, nor did the court express or intimate any opinion that the written contract was not binding and should not be considered by the jury if the plaintiff proved by a preponderance of the evidence that it was obtained by fraud.

■ Under the pleadings and the evidence the court did not err in giving in charge to the jury Code section 4622, as complained of in ground 7.

■ Nor did the court err, under the pleadings and the evidence, in giving in charge Code sections 4624 and 4625. Though there was no evidence that confidential relations existed between the parties in this case, the court did not err in reading these Code sections to the jury, and relying upon the common intelligence of the jury to use only the portions of the sections applicable to the evidence before them. There was evidence submitted to the jury of

suppression of facts. There were circumstances in proof from which the jury could properly draw an inference that the defendant was under obligation to communicate facts which were suppressed. It can not be assumed that the jury were misled as to the issues in the case by the casual reference to confidential relations, as read to the jury by the court. The charge was not argumentative, nor did it go beyond the pleadings and the evidence in quoting to the jury that part of section 4624 which declares that "The obligation to communicate may arise from the confidential relations of the parties, or from the particular circumstances of the case." There were circumstances in evidence which, if credible to the jury, would impose an obligation to communicate.

■ The excerpt from the charge of which complaint is made in ground 9 was not error for any reason assigned.

■ The assignment of error in ground 10 does not specify the particular points or portions of the charge to which exception is taken, so as to enable the court to put its finger on the exact points to which the exception is directed, and is without merit. See *Brown* v. *Kendrick*, 163 *Ga.* 149 (6) (135 S. E. 721).

*Judgment affirmed. All the Justices concur.*