CALHOUN *v.* BABCOCK BROTHERS LUMBER COMPANY.

No. 14845. JUNE 9, 1944. REHEARING DENIED JULY 11, 1944.

*P. Z. Geer,* for plaintiff.    *Stapleton & Stapleton,* for defendant.

JENKINS, Presiding Justice.   1, 2.   Exception is taken on identical grounds to charging the Code, § 85-1602: first, as to the clause relating to general reputation as to ancient land marks; and second, as to the next clause relating to acquiescence for seven years by acts and declarations of adjoining land owners.   In each case the exceptions are that there was no evidence to authorize the charge, that it was confusing, that the judge thereby expressed an opinion as to the evidence, and that the section related only to processioning proceedings and was not applicable to ejectment suits. While we find no evidence which the jury might have construed as pertaining to ancient landmarks of more than thirty years, unless it could possibly be the testimony for the defendant concerning a certain stump and certain marked trees, under which construction the charge might possibly have inured to the benefit, not of the plaintiff, but the defendant; and while we think that this particular portion of the Code section read was not appropriate, we can see no reason why it could really have confused or misled the jury, and certainly no reason why it could have been harmful to the defendant.   Therefore the reading of the entire Code section containing this clause can not be taken as harmful error.   See *Morton* v. *Wallace,* 177 *Ga.* 856 (8), 863 (171 S. E. 720); *Pope* v. *Pope,* 95 *Ga.* 87 (4) (22 S. E. 245).

The charge on the remainder of the section, as to acquiescence for seven years in a dividing line by coterminous land owners, was in accordance with one of the main contentions of the plaintiff and was not unauthorized, was not confusing, and did not amount to an expression of an opinion by the court; nor is there merit in the exception that its application is limited to processioning proceedings and has no place in an ejectment suit.   As was recently said by this court in what is regarded as a sound and well-considered opinion prepared by Mr. Justice Duckworth (*Veal* v. *Barber,* 197 *Ga.* 555, 30 S. E. 2d, 252), there is nothing which would prevent the rule of law declared in the Code, § 85-1602, from being applied

in a suit for land, where the evidence shows the acquiescence therein mentioned and the paper title of the litigants embraces the land to the line thus established.

3. The first three of the four exceptions mentioned in the preceding division of the opinion are without merit when used to attack the following excerpt from the charge: "I charge you that in order that a line may be established by acquiescence for seven years by the acts or declarations of the owners of the adjoining land, it is not essential that the acquiescence be manifested by a conventional agreement; but to establish a line by acquiescence for seven years, it must appear that the owners of the property to be affected acted in such a manner for the space of seven years, or made such declarations during the continuance of that period, as to show that the line claimed was a true line between the lands."

4. Exception is taken to the following excerpt from the charge: "I charge you that independently of the rule laid down in the Code section in regard to acquiescence for seven years, which I have just read to you, a parol agreement between coterminous proprietors that a certain line is the true dividing line is valid and binding between them, if the agreement is accompanied by possession of the agreed line or is otherwise duly executed." For the same reasons which control the last ruling made in divisions 1 and 2 of this opinion, this exception is without merit; nor was the language ambiguous; nor was it calculated to confuse or mislead the jury.

5. Exception is taken to the charge because the judge did not, immediately following the excerpt last quoted, on his own motion instruct the jury in substance as follows: "By otherwise duly executed, the court means that such agreed line should be marked by the erection of monuments or fences, blazing trees, or staking so that the agreed line can be identified by the parties to the agreement." The charge as given was a clear enunciation of the principle of law involved, and if the complaining party was entitled to and desired illustrative examples of its application and meaning, he should have so requested.

6. Exception is taken to this excerpt from the charge: "I charge you that where an agreement establishing a dividing line between adjoining properties is followed by acquiescence and possession, the parties are concluded by their agreement." This in-

struction was clear and sound, and we can see no reason why the jury should have been misled by confusing the rule thus stated with the principle of "acquiescence" previously given in charge and already dealt with. Nor was the excerpt under review erroneous, contradictory, or confusing because the court later put these two separate rules in juxtaposition with one another in the following language: "I charge you further that when a dividing line has been located by an executed parol agreement between coterminous proprietors or established by seven years' acquiescence as provided by section 85-1602 of the Code of 1933, which I have read to you, the line thus located and established is binding on the grantee or grantees of the coterminous proprietors."

7. This excerpt is excepted to: "And when the acquiescence and possession have continued for a period of time prescribed by the statute of limitations, a perfect title by adverse possession is acquired." The excerpt complained of was not erroneous or confusing, and did not relate to or contradict other principles of law not charged, dealing with prescriptive title where the dividing line of coterminous owners is not involved. The use of the word "limitation," whether inapt or not, manifestly could refer only to the seven-year period of acquiescence, merely in determining a boundary line between coterminous land owners, about which the judge had just charged, and not to the establishment of an independent title to land.

8. This same excerpt, together with the preceding and following language, is again excepted to for the same reasons and for the additional reason that the rule of acquiescence under processioning law is inapplicable in an ejectment proceeding. This exception shows no merit, as set forth by the ruling made in the last subdivision of divisions 1 and 2 of this opinion.

9. In the ninth ground the movant excepts to a portion of a charge combining the excerpts already dealt with, and sets forth the same ineffective reason last dealt with.

10. The following excerpt is complained of: "If adjoining proprietors deliberately erect monuments, or fence, or make improvements on a line between their lands upon the understanding that it is a true line, it will amount to a practical location." This charge was not erroneous as unwarranted by any evidence, since such was the main contention of the plaintiff, and there was evi-

dence to indicate that the plaintiff and the defendant's predecessor in title had agreed on a line, and had then moved a fence extending a portion of the distance to conform thereto; nor was the charge opinionative; nor did it constitute error as injecting unwarranted law governing processioning proceedings into an ejectment case.

11. Movants in ground eleven again ineffectually attack an excerpt from the charge on the ground that seven years' acquiescence by coterminous land owners as to a dividing line was an unwarranted application of processioning law to an ejectment suit.

12. Ground twelve of the motion presents a question of considerable difficulty. Near the beginning of his instructions, the judge correctly charged the jury that the burden of proof was on the plaintiff to prove his contention by a preponderance of evidence. Later he gave the instructions complained of in this ground, which the movant has divided into two portions marked (a) and (b) for reference, and which are as follows: (a) "I charge you further, gentlemen, that if you believe the plaintiff's contentions as alleged in the plaintiff's petition by a preponderance of the evidence, then it would be your duty to find the issue in favor of the plaintiff;" (b) "Whereas, if you do not believe the contentions as alleged and set forth in the plaintiff's petition by a preponderance of the evidence, but on the other hand, you do believe the contentions of the defendant as set forth and contended in the defendant's answer from the evidence in the case, then it would be your duty to find the issue in favor of the defendant." While the movant does not complain of section (a) of this excerpt, he insists that the portion designated as (b) is erroneous, in that it placed the burden on the defendant to prove the contentions as alleged in his answer, even though the plaintiff failed to prove its contentions by a preponderance of the evidence before the jury could find the issue in the defendant's favor. He submits that under the law the plaintiff must recover on the strength of its title as shown by a preponderance of the evidence; and if the plaintiff failed to carry the burden of proving its title by a preponderance of the evidence, the defendant would not have to prove to the satisfaction of the jury all of the contentions alleged in his answer. Able counsel for the defendant has thus strongly presented his contention; but we still can not see how the charge could have hurt him. The plaintiff alleged in his petition that the defend-

ant 'had ousted him from a certain described strip of land to which he owned title. The plea of the defendant was concise, being simply one of not guilty; the only other averment being an independent prayer for certain.alleged improvements in the event that the plaintiff should recover. Since there was no affirmative defense such as would avoid the plaintiff's recovery of the land in the event he should prove his case as laid, it inevitably follows that the necessary consequence of the jury's failure to believe the plaintiff's contentions would be to believe the defendant's contention, which was that the plaintiff's contentions were untrue. So far as the recovery of the land sued for is concerned, the defendant by his plea assumed no burden, and therefore the court did not impose any upon him. As was said by Judge Stephens in *Modern Woodmen of America* v. *Williams; 36. Ga. App.* 359 (3) (137 S. E. 100) : "Irrespective of which party to the controversy may be required to carry the burden of proof, and although the other party is not required to establish his defensive matter by a preponderance of evidence in order to prevail, it is nevertheless a legal truism that the party who does in fact establish his contentions by a preponderance of evidence is entitled to prevail." We do not think that the jury could conceivably have understood the court to mean that the plaintiff. would be taken to have made out his case *for the recovery of the land* unless the defendant sustained his claim for improvements in the event that the plaintiff should recover.

13. We think the court fairly and correctly stated the contentions of the parties.

14. Exception is taken to the failure to charge the law with respect to the right of the defendant to recover for improvements. While we agree with the plaintiff in error that the mere fact that during the progress of the trial, his adversary, the plaintiff in the court below, abandoned all claim to mesne profits in the event of his recovery and consented that, in the event he should prevail, the defendant might remove the posts and wire erected by him on the line claimed by him, and contended by the plaintiff to constitute an encroachment, would not operate to nullify a claim of the *defendant* under the Code, § 33-107, for improvements bona fide erected; still we think it manifest that, although the defendant set up a counterclaim for $21 worth of new wire, $18.18 worth of old wire, $25 worth of posts, and $12 worth of clearing, mak-

ing a total of $78.18, while admitting a rental value of the land in dispute during the four-year period during which it was held by him, amounting to $48, we fail to find any evidence to sustain the allegation of the petition that the market-value of the land was increased accordingly, and therefore we think that the evidence failed to show any right to such a recovery in any amount. Moreover, we are willing to take cognizance of the proposition as a self-evident fact that the existence of a barbed-wire fence, stretched along the narrow triangular strip encroaching over upon the plaintiff's land, could not constitute an improvement thereon, especially when the plaintiff disclaimed any title to the material going into its construction.

15. Having fully and fairly presented the law with respect to seven years' acquiescence in a dividing line between coterminous land owners, the judge did not err in not charging in effect the lengthy principle of law contained in the fifteenth ground of exception, dealing with the various phases of title by prescription, in which the dividing line between coterminous land owners is not involved.

16. The movant excepts to the following excerpt from the charge: "The burden of proof rests upon the plaintiff in this case to prove the same by a preponderance of the evidence, which means that superior weight of the evidence upon the issues involved which, while not enough to wholly free the mind from a reasonable doubt, is yet sufficient to incline a reasonable and impartial mind to one side of the issue rather than to the other." The argument is that when the judge told the jury that the burden of proof was upon the plaintiff to prove the "same," he must have meant "prove the burden of proof." The context shows that immediately preceding this excerpt and in the very last language used before the excerpt, he told them that they had the pleadings and they were invited to read them and thus discover "the contentions of the respective parties to the case." Then follows the excerpt that the burden was on the plaintiff to prove the same—that is, his contentions.

17. It follows from what has just been said that no error appears in any failure by the court to charge that the burden was on the plaintiff to prove his contentions.

18. It can not be said that the verdict is without evidence to support it. We have dealt with all the grounds embodied in the

motion for new trial, and no other form of exception is taken. "The Supreme Court . . shall not decide any question unless it is made by a specific assignment of error in the bill of exceptions, and shall decide any question made by such assignment." Code, § 6-1607. A question not raised in the trial court will not be considered here. *Mobley* v. *Russell,* 174 *Ga.* 843 (5), 847 (164 S. E. 190); *Groover* v. *Simmons,* 161 *Ga.* 93 (3) (129 S: E. 778); *Wilson* v. *Stanford,* 133 *Ga.* 483 (5) (66 S. E. 258); *Barham* v. *Weems,* 129 *Ga.* 704 (3) (59 S. E. 803); *Durden* v. *Meeks,* 110 *Ga.* 319 (2) (35 S. E. 153); *Jennings* v. *Wright,* 54 *Ga.* 537 (4); *McIntire* v. *McQuade,* 190 *Ga.* 438 (9 S. E. 2d, 633). Accordingly, no attack having been made as to the sufficiency or certainty of the verdict, except in the brief of counsel, and no question having been raised in the court below that the judgment did not follow the verdict, these questions are not before us for consideration.         *Judgment affirmed. All the Justices concur.*

ON MOTION FOR REHEARING.

The movant insists that his contention that the verdict is void, as being too vague and uncertain to be enforced, was not only made in the brief of counsel but was covered by the general grounds of the motion for new trial. In the opinion originally rendered it was held that the verdict was not without evidence to support it. The general grounds attack it merely as contrary to evidence and without evidence to support it, against the weight of evidence, and contrary to law and the principles of justice and equity. Here, contrary to what apparently was true in the cases cited in the motion, there is no manner or method of attack that the verdict lacks clarity or certainty, but only that it was illegal because the findings as made were unauthorized by the evidence. Since there was testimony which did in fact support the finding as made, and since no fault was found with it when taken in connection with the pleadings (as have been set forth in the statement of facts), and since the decree (which seems indisputably clear, and on which no attack is made) follows the findings of the jury taken in connection with the pleadings, we do not think that the verdict can be set aside on the general grounds of the motion for new trial, even though, in order to enter a valid decree, it might have been required to construe the findings, as it was the duty of the court to do, in connection with the petition. Even where the point now insisted on has

84

actually been made, the cases cited by the movant, *Manget-Brannon Co.* v. *White Crown Fruit Jar Co.*, 20 *Ga. App.* 339 (93 S. E. 307); *Roberts* v. *Citizens Bank & Trust Co.*, 33 *Ga. App.* 626 (127 S. E. 621), go no further than to hold that a verdict may be set aside only where it is not possible to frame a judgment in accordance therewith when and as construed with the pleadings. The ruling in *Horton* v. *Wilkerson*, 192 *Ga.* 508 (4) (16 S. E. 2d, 8) appears to be beside the point. There, the question was solely whether or not the verdict was supported by the evidence, and the court merely held that it was. Just so in *Tompkins* v. *Corry*, 14 *Ga.* 118 (2), where the court said that a verdict was contrary to law when wholly unsupported by evidence.     *Rehearing denied.*