### 38347. SOUTHERN OPTICAL SERVICE, INC. v. CHOMINSKI.

FRANKUM, Judge. A creditor brought an action on an open account against a debtor. The latter had allegedly sold and transferred property in violation of the Bulk Sales Act. The

plaintiff instituted a garnishment proceeding against the purchaser. The present questions concern a garnishment proceeding between the plaintiff and the garnishee. The garnishee filed an answer in the garnishment proceeding denying any indebtedness in any amount whatsoever. The plaintiff filed a traverse to the answer and issue was joined. The debtor, who sold the property, consented to a judgment being entered in the main action. Upon the trial of the issues in the garnishment proceeding, the jury returned a verdict for the plaintiff. The garnishee filed a motion for a new trial and later amended it to add two special grounds. The trial court overruled the motion, as amended, to which ruling the garnishee excepted and assigns same as error.

1. The garnishee insists that a new trial should be granted on the general grounds for two reasons: (1) That the form of the verdict and judgment is improper and requires the grant of a new trial, and (2) that the alleged sale on which the garnishment proceeding is based is not one contemplated under the Bulk Sales Act.

(a) The jury returned a verdict in a form given in charge by the trial court as follows: "We, the jury, find in favor of the plaintiff in the garnishment proceedings." The garnishee relies upon *Roberts v. Citizens Bank &c. Co.*, 33 Ga. App. 626 (127 S. E. 621), which was a garnishment proceeding, wherein the court held that a jury's verdict, in a form similar to the one in the instant case, fails to establish any definite amount subject to garnishment for the reason that the record failed to disclose any amount sought. In so ruling the court pointed out that the rule would be otherwise if the traverse had averred that the "garnishee was indebted to the defendant in a stated amount." Also because the evidence was not a part of the record, the Court of Appeals could not assume that the trial court erred in holding the verdict was insufficient on which to write a judgment. In the instant case a brief of evidence is a part of the record, and it discloses that only one amount could have been found by the jury and that was the amount of the consent judgment. We cannot hold that the verdict was not sufficient basis for the judgment entered thereunder. Though Judge Jenkins, in the *Roberts* case, supra, raised a query as to whether evidence can be reviewed to make the judgment certain, we feel the ruling of the instant

case is consistent with the holding of *Rouse v. Chance & Hopkins,* 27 Ga. App. 256 (108 S. E. 65), wherein evidence, together with the pleadings, was construed to show the reasonable intendment of the jury to find a verdict in a stated amount. In the instant case the judgment was for a less amount than the value of the property purchased by' the garnishee, and the reasonable intendment of the jury was to find for the plaintiff in the amount of the judgment obtained by the plaintiff against the debtor. The trial court did not err in issuing the judgment in a definite sum.

(*b*) The garnishee's counsel argues that the sale of the optical concern is not that type of sale regulated by the Bulk Sales Act. Counsel cites *Harris v. Kilgore,* 56 Ga. App. 516 (193 S. E. 179), as authority. See also *Long Cigar &c. Co. v. Harvey,* 33 Ga. App. 236 (125 S. E. 870). It was there held that a few items of merchandise did not make the character of the sale as "goods, wares or merchandise in bulk." We feel that the *Harris* case is not applicable to the instant case where testimony introduced at the trial discloses that at least a third of the $37,000 business assets of the debtor constituted a stock of goods and merchandise, i.e., frames, lenses, etc., which were sold upon doctors' prescriptions. The remaining value was equipment used to grind the lenses, etc. This case falls more directly under the rule of *Parham & Co. v. Potts-Thompson Liquor Co.,* 127 Ga. 303(7) (56 S. E. 460). The jury was authorized to find that the sale was one made in violation of the bulk sales law.

2. We find no reversible error in the trial court's refusal to allow the garnishee's attorney to question the debtor concerning the facts surrounding the taking of the consent judgment. *Moultrie Grocery Co. v. Holmes-Hartsfield Co.,* 22 Ga. App. 512 (96 S. E. 346). The garnishee did not plead any collusion or fraud between the plaintiff and defendant in taking the judgment, but only pleaded a general denial. Nor is the alleged expected answer of the witness relevant to show a defense to the action. Nor did the expected answer tend to reveal the debt was not owing. The expected answer was to elicit facts to show that the debtor had a motive of avoiding payment of his just debts by compelling another party (garnishee) to pay the sum, and that if the debtor consented to the judgment, he had been assured by the plaintiff that no

action would be taken to enforce it against him. This answer in no way reflects upon whether or not the debt was owing, which, in the ultimate sense, was the crux of the action against the debtor which was the basis to allow the plaintiff to attack the validity of the sale.

3. The remaining special ground of the amended motion for a new trial complains that the trial judge erred in failing to give a requested charge. However, the requested charge is incorrect as an abstract principle of law. It is the character of the thing sold which determines a bulk sale transaction and not the character of the purchasing enterprise. *Code* § 28-206.

*Judgment affirmed. Gardner, P. J., Townsend and Carlisle, JJ., concur.*

DECIDED SEPTEMBER 8, 1960.

*Robert E. Barfield,* for plaintiff in error.
*Abe Crosby, Jr.,* contra.

