THE CITY OF OTTAWA v. SARAH BLACK.
No. 526.*   (61 Pac. 985.)

1. CITIES—*Defective Sidewalks—Presentation of Claim.*   Where, in an action against a city to recover for personal injuries, the petition alleged that the accident which caused the injuries occurred at the west side of North Oak street, along the east side of block 26, in front of lots 30 and 32 of said block, all in Bowles & Sheldon's addition to the city of Ottawa, Kan., and the claim presented to the city stated that the injuries were sustained on the west side of North Oak street, along the east side of block 26, in front of lots 30 and 32 of said block, *held,* that the statement in the claim was sufficient to identify it as the claim sued upon.

* Petition for order to certify denied by supreme court September 22, 1900.—REP.

2. ——— *Verification of Claim.* The verification of a claim against a city by the husband, as agent of claimant, is sufficient to satisfy the requirement of section 67, chapter 37, General Statutes of 1897 (Gen. Stat. 1899, § 974).

3. ——— *Contributory Negligence—Evidence.* Evidence that plaintiff knew that a sidewalk was in very bad condition is not, of itself, sufficient to establish contributory negligence on the part of plaintiff.

4. ——— *Condition of Sidewalk—Exclusion of Evidence.* Defendant offered to show that nearly one year after the accident was alleged to have occurred it had the sidewalk examined, and that at the time of such examination the sidewalk was in good condition. *Held,* that the court did not err in excluding such testimony.

Error from Franklin district court; S. A. Riggs, judge. Opinion filed July 25, 1900. Affirmed.

*F. A. Waddle,* and *Walter Pleasant,* city attorney, for plaintiff in error.

*W. S. Jenks,* and *C. A. Smart,* for defendant in error.

The opinion of the court was delivered by

Schoonover, J. : Mrs. Black, the defendant in error, brought this action in the district court of Franklin county against the city of Ottawa to recover damages for personal injuries claimed to have been sustained by her while passing over a defective sidewalk in said city. Defendant in its answer denied every material allegation in plaintiff's petition, and alleged that the injuries claimed to have been sustained "were caused, if at all, by the fault and negligence of plaintiff herself." The case was tried to a jury, which returned a verdict in favor of plaintiff. Judgment was rendered upon the verdict and the city brings the case here.

The trial court, over the objection of defendant, permitted the plaintiff to introduce in evidence the claim for damages presented by plaintiff to the city council.

Plaintiff in error contends that such claim was not identified as the one in suit, and also that it was not properly verified.

The petition alleges that the accident occurred at the west side of North Oak street, along the east side of block 26, in front of lots 30 and 32 of said block, all in Bowles & Sheldon's addition to the city of Ottawa, Kan.

The claim presented to the city states that the injuries were sustained on the west side of North Oak street, along the east side of block 26, in front of lots 30 and 32 of said block.  This, we think, sufficiently identifies the claim presented as the one sued upon.

The claim appears to have been verified by the husband of plaintiff, as her agent, and it is insisted by plaintiff in error that such verification was not sufficient.  Section 67, chapter 37, General Statutes of 1897 (Gen. Stat. 1899, § 974), provides : "All claims against the city must be presented in writing, with a full account of the items, and verified by the oath of the claimant, or his agent, that the same is correct, reasonable, and just.  .  .  ."

We do not understand that the provisions of the code relating to the competency of witnesses in civil actions have any application to the facts under consideration, and we think that the verification was sufficient.  But even if plaintiff in error's contention were well grounded, that fact would not bar a recovery, but would only affect the question of costs. (Gen. Stat. 1897, ch. 37, § 67 ; *City of Atchison v. King*, 9 Kan. 551.)

Plaintiff in error next contends that the court erred in overruling its demurrer to plaintiff's evidence, and it is urged that plaintiff's own testimony shows that she did not use proper care.  The testimony in ques-

tion establishes the fact that the plaintiff knew that the walk was in a very bad condition, and nothing more. This alone is not sufficient to show contributory negligence. (*Maultby v. City of Leavenworth*, 28 Kan. 748 ; *Osage City v. Brown*, 27 id. 74 ; *City of Emporia v. Schmidling*, 33 id. 487, 6 Pac. 893 ; *Langan v. City of Atchison*, 35 id. 318, 11 Pac. 38.)

Of course, if a person recklessly and heedlessly walks upon a sidewalk which he knows to be in an unsafe condition, and is injured, he cannot recover ; but Mrs. Black's testimony tends to show that she was using due care. The question of care and prudence was properly submitted to the jury, and their finding will not now be disturbed.

The court refused to permit one Beeler, a carpenter, to testify as to the condition of the walk, and plaintiff in error insists that this was error. It appears that Beeler had examined the walk the day before the trial, with a view of ascertaining its condition. This was nearly one year after the injuries were alleged to have been sustained, and testimony as to the condition of the walk at the time the examination was made was properly rejected.

Many other alleged errors are set out in plaintiff in error's brief, but a discussion of them all would extend this opinion to an undue length. It is sufficient to say that we have carefully considered them and find that the error, if any, is not such as to require a reversal of the case.

The judgment of the district court is affirmed.