THE CITY OF OTTAWA v. CAPITOLA McCREERY.
### No. 525.*   (61 Pac. 986.)

1. CITIES—*Defective Sidewalks—Petition.* The petition examined; *held,* that the facts stated are sufficient to constitute a cause of action.

2. ———— *Evidence—Case Followed.* The conclusions of this court in the case of *Ottawa v. Black,* ante, p. 439, 61 Pac. 985, relating to admissibility of evidence to show presentation of claim to city council, are adopted in this case.

3. ———— *Repairs on Sidewalk—Exclusion of Evidence.* Defendant offered testimony to show that W., who was employed by the city to repair sidewalks, was a competent workman. W. had testified that he had made certain repairs on the sidewalk upon which plaintiff claimed to have been injured. He did not testify as an expert and his reputation as a workman had not been attacked. *Held,* that the court did not err in excluding such testimony.

4. ———— *Instructions Examined.* The instructions complained of examined; *held,* that, construed in connection with the rest of the court's charge, they fairly state the law.

Error from Franklin district court; S. A. RIGGS, judge.   Opinion filed July 25, 1900.   Affirmed.

*F. A. Waddle,* and *Walter Pleasant,* city attorney, for plaintiff in error.

*C. B. Mason,* and *W. S. Jenks,* for defendant in error.

The opinion of the court was delivered by

SCHOONOVER, J.: The defendant in error, while walking on the sidewalk on one of the streets of Ottawa, was tripped and caused to fall down, as she alleged, by reason of a defect in the sidewalk, and was thereby injured.   To recover damages, she brought an action against the city, which was tried to a jury and

*Petition for order to certify denied by supreme court September 22, 1900.— REP.

a verdict returned in her favor, for $500. To reverse the judgment rendered upon the verdict the city brings the case to this court.

1. It is urged by plaintiff in error that the court erred in overruling its demurrer to plaintiff's petition. It is insisted that the petition is fatally defective because, first, it contained no allegation that the sidewalk upon which plaintiff claimed to have been injured was in the city of Ottawa or on a public street of said city ; and second, because it did not allege that the defect had existed a sufficient length of time to allow of its discovery and repair by the city. The petition is in part as follows :

"The above-named plaintiff complains of the said city of Ottawa, defendant, and alleges :

"I. That the defendant is a municipal corporation, being a city of the second class under the laws of the state of Kansas, and situated in the county of Franklin in said state.

"II. That on or about the 17th day of September, 1896, and for a long time prior thereto, as defendant well knew, or by the exercise of ordinary diligence might and could have known, the sidewalk on the west side of Locust street, in front of lots numbered 10 and 12 of block 56, in said city, was and had been in a dangerous and defective condition in this, that the stringers were rotten, incapable of holding nails driven, so that the boards in said sidewalk at divers places in said sidewalk were loose and unsafe, liable to cause persons traveling over and upon said walk to be tripped and fall down and be injured."

It will be observed that the sidewalk is described as being located on the west side of Locust street, in front of lots numbered 10 and 12 of block 56 in *said city*. The only city referred to in the petition is the city of Ottawa, and the words "said city" clearly refer to the city of Ottawa ; so that the accident is alleged to have

Ottawa v. McCreery.

occurred on the sidewalk on the west side of Locust street, in front of lots 10 and 12 of block 56, in the city of Ottawa. This certainly locates the alleged defect with a sufficient degree of precision, and we do not think that the plaintiff in error's contention is well grounded.

Nor do we think the contention that the petition is defective because it did not allege that the accident occurred on a public street has any merit. Bouvier defines a street as "a public thoroughfare or highway in a city or village." In the American and English Encyclopedia of Law (vol. 24, p. 2), a street is defined as "a public road or way in a city, town, or village." In view of these definitions, it would be unnecessary to allege that the street upon which the injury was alleged to have been sustained was a *public* street.

The petition alleged "that on or about the 17th day of September, 1896, and for a long time prior thereto, as defendant well knew, or by the exercise of ordinary diligence might and could have known, the sidewalk . . . was and had been in a dangerous and defective condition. . . . ." We think that under this allegation evidence could be introduced to show that the defect had existed for such a length of time as to charge the defendant with notice. In the case of *Posey County v. Stock*, 11 Ind. App. 167, 36 N. E. 928, cited by plaintiff in error in its brief, the court said:

"Or had the complaint in terms charged notice or knowledge on the part of the appellant, without limiting it to the time 'before the bridge broke down,' such averment might be supported by proof that the bridge was so defective for such a length of time that the appellant became chargeable with knowledge or notice."

We think that the petition stated a cause of action and that the court properly overruled the demurrer.

2. It is urged that the court erred in admitting the evidence offered to show the presentation of the claim to the city council. In the case of *Ottawa v. Black*, ante, page 439, 61 Pac. 985, recently decided by us, our views upon this question are stated and it will not be necessary to repeat them here.

3. Plaintiff contends that the city had the right to prove that one Wilkerson, who was employed by the city to repair sidewalks, was a competent workman. We think that the court properly excluded such testimony, as it was wholly immaterial. Wilkerson's reputation as a workman had not been attacked. He testified that he had nailed down some boards on the walk on which the injury was alleged to have been sustained, and that he had examined it and found some rotten stringers, etc. Wilkerson did not testify as an expert, and there was, indeed, no need of expert testimony. The question was, Was the sidewalk defective, and, if so, for what length of time had it been in such condition; and, taking the facts testified to by Wilkerson and others, the jury could easily reach a conclusion as to the condition of the walk at the time the accident occurred.

4. Plaintiff in error also complains of certain instructions given by the court. The instructions in question have not been set out in the brief, as required by the rules of this court, but we have nevertheless examined them, and find that, construed in connection with the rest of the charge of the court, they fairly state the law.

Other errors are complained of, but they are not such as to require a reversal of the case.

The judgment of the district court is affirmed.