### 17240. MODERN WOODMEN OF AMERICA *v.* WILLIAMS.

STEPHENS, J. 1. This being a suit upon a death-benefit certificate of a fraternal beneficiary society, instituted by the beneficiary named in the certificate, and the sole defense being that the insured member at the time of his death was not in good standing, by reason of failure to make the required monthly payments within the time prescribed in the certificate, and that therefore there was no liability under the policy, and the evidence presenting an issue of fact as to whether such payments had been made within the prescribed periods, the verdict for the plaintiff was authorized by the evidence.

2. There being evidence that the beneficiary named in the certificate did, on the day of the death of the member and after the member's death, remit to the authorized local agent of the defendant an amount of money in payment of dues under the policy, a charge by the court, with reference to this transaction, to the effect that "the money sent . . would not be effective for any purpose and need not enter into the consideration of the jury," and that such payment or an attempt to make such payment "would not have been effective and would not have the effect of reinstating the policy if the policy had lapsed by reason of nonpayment of dues prior to that time," must necessarily be construed as instructing only that such payment would not be effective for the purpose of reinstating the policy. Such a charge could not be construed as eliminating any consideration of that payment as being evidentiary of an admission on the part of the plaintiff that the dues required of the insured member had not been paid, and that the member, at the time of his death, was not in good standing. It was calculated to impress the jury only with the fact, stated in the charge, that such payment could not have the effect of reinstating the policy. The charge therefore was not prejudicial to the defendant.

3. Irrespective of which party to the controversy may be required to carry the burden of proof, and although the other party is not required to establish his defensive matter by a preponderance of evidence in order to prevail, it is nevertheless a legal truism that the party who does in fact establish his contentions by a preponderance of evidence is entitled to prevail. A charge, therefore, to the effect that the jury should find in favor of that party in whose favor the preponderance of evidence lies states a correct principle of law, and is not error upon the ground that the court should have charged in addition that if there was no preponderance of the evidence, but if the evidence was evenly divided as to weight, the defendant should prevail.

---

Evidence, 22 C. J. p. 12, n. 39.

Mutual Benefit Insurance, 29 Cyc. p. 246, n. 50; p. 251, n. 95; p. 255, n. 22.

Trial, 38 Cyc. p. 1753, n. 42 New; p. 1778, n. 73; p. 1779, n. 75, 76.

4. A provision in such a beneficiary certificate that the beneficiary named therein shall, in case of the member's death while in good standing, be entitled to participate in the benefit fund of the society to the amount of three thousand dollars, "without interest," limits the right of the beneficiary to recover interest upon the moneys in the benefit fund up to the time of the death of the member and the accrual of liability to the beneficiary under the policy, and does not limit the right of the beneficiary to recover legal interest upon the face value of the policy from the date of the accrual of liability to the beneficiary.

5. The court fairly submitted all the issues presented, and none of the special grounds of the motion for a new trial shows error.

6. The verdict finding for the plaintiff in the amount representing the benefit accruing under the policy and seven per cent. interest thereon from the date of the establishment of proof of death under the terms of the policy was authorized.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 10, 1927.

Complaint on insurance policy; from Jeff Davis superior court —Judge Highsmith. January 13, 1926.

*Robert G. Plunkett,* for plaintiff in error.

*Gordon Knox, J. C. Bennett,* contra.