Decided September 24, 1927.

Complaint in trover; from Cook superior court—W. D. Buie, judge ·pro hac vice. June 21, 1926.

*William B. Kent, George E. Simpson,* for plaintiff.

*C. E. Jackson,* for defendants.

---

17627. FLOURNOY *v.* CRANDALL & CAMPBELL INCORPORATED.

STEPHENS, J. 1. A charge to the jury that the party in whose favor the preponderance of evidence lies is entitled to prevail, and that where acts of negligence on the part of the plaintiff are claimed by the defendant, the burden is on the defendant to establish such negligence by a preponderance of evidence, states correct legal propositions. Neither portion of the charge is subject to the objection that it places a greater burden upon the defendant than the law imposes. *Modern Woodmen of America* v. *Williams,* 36 *Ga. App.* 359 (3) (137 S. E. 100).

2. Where the defendant sought a recoupment in damages, based upon the alleged negligence of the plaintiff, a charge to the effect that the negligence of the plaintiff should be shown by a preponderance of evidence "offered by the defendant" was error requiring the grant of a new trial, since the jury might have inferred from all the evidence introduced, including that introduced by the plaintiff, that the plaintiff was negligent as alleged by the defendant in his counterclaim.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

Decided· September 24, 1927.

Complaint; from Peach superior court—Judge Mathews. July 12, 1926.

*Houser & Mathews, Duncan & Nunn,* for plaintiff in error.

*C. L. Shepard,* contra.

---

Negligence, 29 Cyc. p. 601, n. 60; p. 621, n. 92; p. 644, n. 42.
New Trial, 29 Cyc. p. 786, n. 87.
Trial, 38 Cyc. p. 1748, n. 88, 89; p. 1750, n. 19.