### 17882.   CITY OF ROME *v.* PHILLIPS.

BELL, J. 1. In a suit for damages against a city, in which recovery depended upon the establishment of negligence on the part of the city in maintaining a certain line of water (or gas) pipe in an improper position in one of its streets, where it appeared that the pipe, which was about an inch in diameter and extended longitudinally with the

Municipal Corporations, 43 C. J. p. 1077, n. 30; p. 1082, n. 75; p. 1083, n. 76; p. 1085, n. 92; p. 1089, n. 26; p. 1090, n. 36; p. 1098, n. 46; p. 1099, n. 49 New; p. 1242, n. 38; p. 1307, n. 51; p. 1310, n. 73.
Trial, 38 Cyc. p. 1615, n. 20.

street near the center thereof, was so exposed as to leave a space of from one to two inches between it and the surface of the street, and that this condition of the pipe had been caused by the act of the city in uncovering it while grading the street, and that it had been allowed to remain in this condition for several days during which the street was open to pedestrians, the inference was authorized that, with respect to a pedestrian who in thereafter crossing the street was injured by catching her foot under the pipe and falling, the city was negligent in maintaining the pipe in such exposed condition. *Holliday* v. *Athens,* 10 *Ga. App.* 709 (2, 3) (74 S. E. 67).

2. The fact that the pedestrian may have had previous knowledge of the exposed position of the pipe would not necessarily or as a matter of law absolve the city from liability. Where the pedestrian was a woman and at the time of her injury was running across the street in response to a sudden and unexpected cry of a mother who resided immediately across the street and who was calling frantically for help on account of an injury which had just befallen her child, and where it appears that in so crossing the street the attention of the pedestrian was "centered" on her neighbor in distress, whom she was watching as she ran, and that, owing to her excitement and the other circumstances as described, she was rendered oblivious of the dangerous condition of the street, it could not be said, as a matter of law, that the injury to her from falling over the pipe should be attributed to her own negligence, or that the consequences of the defendant's negligence could have been avoided by the exercise of ordinary care on her part. In such a case it is immaterial that the emergency which intervened and prevented vigilance on the part of the person injured was not caused by negligence of the party sought to be held liable. *King* v. *Seaboard Air-Line Railway,* 1 *Ga. App.* 88 (2) (58 S. E. 252); *Harrell* v. *Mayor &c. Macon,* 1 *Ga. App.* 413 (58 S. E. 124); *MacDougald Construction Co.* v. *Mewborn,* 34 *Ga. App.* 333 (129 S. E. 917); *Pacetti* v. *Central of Ga. Ry. Co.,* 6 *Ga. App.* 97 (2) (64 S. E. 302); *Dempsey* v. *Rome,* 94 *Ga.* 420 (20 S. E. 335).

3. In the absence of some ordinance or regulation to the contrary, a person in crossing a public street is not limited to intersections or crosswalks, but has the right to cross the street at any point. *So. Bell Tel. Co.* v. *Howell,* 124 *Ga.* 1050 (2) (53 S. E. 577; 4 Ann. Cas. 707); *City of Atlanta* v. *Hampton,* 139 *Ga.* 389 (3) (77 S. E. 393); *Brunswick & Western R. Co.* v. *Gibson,* 97 *Ga.* 489, 498 (25 S. E. 484). An instruction embodying this principle, being pertinent and being within itself complete and accurate, was not rendered erroneous because of the court's failure to charge in connection therewith that where a person crosses a street at a point other than a regular crossing the surroundings may require of him the exercise of greater caution and vigilance than if he had crossed at the usual place. *Bensel Construction Co.* v. *Homer,* 2 *Ga. App.* 369 (2) (58 S. E. 489); *Peeples* v. *Rudulph,* 153 *Ga.* 17 (2) (111 S. E. 548); *Rome Ry. &c. Co.* v. *King,* 33 *Ga. App.* 383 (3) (126 S. E. 294); *Brown* v. *Meikleham,* 34 *Ga. App.* 207 (4) (128 S. E. 918).

4. The defense of comparative negligence not having been pleaded, the

court did not err in failing, without request, to instruct the jury thereon. *Sarman* v. *Seaboard Air-Line Ry. Co.,* 33 *Ga. App.* 315 (6) (125 S. E. 891).

5. Applying the above rulings, the petition set forth a cause of action, and the several demurrers thereto were properly overruled; the verdict for the plaintiff was authorized, and the court did not err, upon any ground taken, in refusing a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED OCTOBER 15, 1927.

Damages; from Floyd superior court—Graham Wright, judge pro hac vice. December 13, 1926.

Application for certiorari was denied by the Supreme Court.

*Paul H. Doyal,* for plaintiff in error.

*Maddox, Matthews & Owens,* contra.