*Kirkland & Kirkland,* for plaintiff in error.
*Anderson & Trapnell,* contra.

## 18565. BAINBRIDGE POWER COMPANY *v.* IVEY.

STEPHENS, J. 1. The lawful power to construct a dam and impound water does not carry with it the power to create a nuisance by the maintenance of foul and ill-smelling water in the pond and in the breeding of mosquitoes, to the damage of persons living in the neighborhood of the pond. *Holmes* v. *Atlanta*, 113 *Ga.* 961 (39 S. E. 458).

2. A nuisance of the character indicated above, whether permanent or not, is nevertheless a continuing one, and there may be a recovery for all damage resulting therefrom occurring within the statutory period of limitation, notwithstanding the nuisance may have been created and may have arisen at a time prior to that period. *Massengale* v. *Atlanta*, 113 *Ga.* 966 (39 S. E. 578).

3. Liability for damages arising as a result of the maintenance of a nuisance is not dependent upon the existence of negligence upon the part of the person performing the act which constitutes the nuisance. *Central of Georgia Railway Co.* v. *Americus Construction Co.*, 133 *Ga.* 392 (65 S. E. 855); *City of Macon* v. *Roy*, 34 *Ga. App.* 603, 606 (130 S. E. 700). It is therefore no defense, in a suit to recover damages resulting from a nuisance as described in paragraph 1 above, that the defendant was not negligent as respects the maintenance of the pond in the condition indicated.

4 Where a nuisance is of a permanent character, a person suffering damage as a result of its maintenance may recover damages, past and prospective, resulting to him from the maintenance of the nuisance. *Langley* v. *Augusta*, 118 *Ga.* 590 (9) (45 S. E. 486, 98 Am. St. R. 133).

5. While a sum representing a decrease in the market value of land damaged, when caused by the nuisance, may be recovered as an element of

damages, yet where the decreased value of the land is not caused solely by the nuisance, but has been partly caused by a general slump and fall in land values from some other cause than the nuisance, this decrease in the value of the land, without an allowance being made for the decrease in value caused by the general slump in values caused otherwise than by the nuisance, does not represent the damages recoverable as a result of the nuisance. Where the plaintiff sought a recovery in damages representing a decrease in the value of his land, resulting from the maintenance by the defendant of a nuisance as described in paragraph 1 above, and there was evidence that after the creation of the nuisance there was a general slump and decline in the land values in the community, the court erred in charging as follows: "If you should find, from the evidence, that the value of the plaintiff's property has been depreciated by the maintenance of this pond at any time prior to the 9th day of September, 1926 [the date when the suit was brought] for a period of four years theretofore, then he would be entitled to recover damages, and the measure of that damage would be the difference between the value of his land at the time that the injury thereto occurred and the present value, or the value at the time of the filing of his suit, and any prospective damage thereto by reason of the depreciation thereof because of such injury. Bear that in mind now, gentlemen. Look to the evidence and see what the land was worth at the time the injury ensued, and if you find that it was worth a certain sum, and if you find from the evidence that it is worth less than that sum at this time, then the plaintiff would be entitled to recover the difference as that element of his damages."

6. Although the burden of proof does not rest upon the defendant and the defendant is not required by a preponderance of the evidence to establish his defense, yet should the defendant carry a greater burden than the law puts upon him and establish his defense by a preponderance of the evidence, the defendant is entitled to prevail. Therefore a charge by the court that the defendant should prevail if the evidence preponderates in his favor states a legal truism, and the giving of this charge is not error. *Modern Woodmen of America* v. *Williams*, 36 *Ga. App.* 359 (3) (137 S. E. 100).

7. Although a witness testifies that he is not familiar "much" with land values in the community in which is located the land in question, and that he "don't fool with buying land," yet where he testifies that he owns the land in question, that he bought it twenty-one years ago and has "lived there" since that time, that he considers himself reasonably familiar with the values of land at the time he bought the land, that he has heard of other people buying land, and has been hearing of sales in the community in which the land in question is located ever since he has been there, the witness shows a sufficient knowledge as to the value of the land in question to render admissible his testimony as to its market value six years prior to the date of his testimony. Civil Code (1910), § 5874.

8. While a contract made between the defendant who owned the pond which the plaintiff alleges was a nuisance, whereby the defendant agreed to take certain precautionary measures against the breeding of mos-

quitoes in the pond, may not have any value as fixing any legal duty upon the defendant to prevent the propagation of mosquitoes therein, its execution by the defendant possesses a probative value as tending to establish an admission by the defendant that the pond constitutes a breeding place for mosquitoes. Since the breeding of mosquitoes by the pond was a material fact in the case, evidence of an admission to this effect by the defendant was relevant to the issue. The contract therefore was properly admitted in evidence, and the probative value of the admission was, under all the circumstances surrounding the making of it, a question for the jury.

9. Where, in a suit against the defendant to recover damages resulting from a nuisance, it was alleged as one of the elements of damages that the nuisance, which was a pond of water, had caused malaria in the family of the plaintiff, who lived near by, the testimony of a witness who had lived in the neighborhood of both the pond and the plaintiff's land during the alleged continuance of the nuisance, that he moved away because he had "malaria fever," was testimony to the effect that malaria was prevalent in the neighborhood, and was properly admitted.

10. Damage sustained by a father for the loss of the services of his minor child is damage to a property right, and a suit for damages thus arising may be brought within four years. *Frazier* v. *Georgia Railroad & Banking Co.*, 101 *Ga.* 70 (28 S. E. 684); Civil Code (1910), § 4496.

11. Except where error is indicated above, the court, fairly to the defendant, submitted all the issues to the jury, and no substantial error appears. Any inaccuracies in the charge,—as a reference to the pond as a "dam," and instruction to the jury that they could look to "other facts and circumstances" besides the evidence, will doubtless be corrected upon another trial.

12. Since the right of the plaintiff in this action to recover damages representing both a permanent diminution in the value of his land and loss of services suffered by him by reason of the sickness of members of his family is not presented for determination, no decision is made thereon. See, in this connection, *Towaliga Falls Power Company* v. *Sims*, 6 *Ga. App.* 749 (65 S. E. 844); *City Council of Augusta* v. *Lamar*, 37 *Ga. App.* 418 (140 S. E. 763).

13. The court erred in overruling the defendant's motion for a new trial.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

Decided September 15, 1928. Rehearing denied September 28, 1928.

*A. B. Conger, E. K. Wilcox, T. G. Connell,* for plaintiff in error. *P. D. Rich, Chester A. Drake,* contra.