19567. STRAHLEY, adm'x, *et al. v.* HENDRICKS, ordinary, for use, etc.

BELL, J. 1. Except in case of near relatives, when one renders services or transfers property of value to another, which the latter accepts, a promise to pay the reasonable value thereof is generally implied. Civil Code (1910), § 5513. This was a suit against an administratrix and the security upon her bond to recover the value of board and lodging and also of services furnished by the plaintiff and members of his family to the intestate during his lifetime. There was no kindred relationship between the parties to the transactions in question, and the verdict found for the plaintiff was amply supported by the evidence.

2. "An assignment of error upon the admission of testimony, where the evidence objected to is neither literally nor substantially set out, can not be considered." *Gordon* v. *Spellman*, 145 *Ga.* 682 (9) (89 S. E. 749, Ann. Cas. 1918A, 852). Under this ruling special grounds 2 and 5 of the motion for a new trial fail to show error.

3. This being a suit on a quantum meruit, evidence that the intestate had stated that the plaintiff's "folks had been kind to him and he was going to take care of them and give them a part of what he had," was relevant for the purpose of showing that the services and other things received were not intended to be accepted as gratuitous, but that there was an implied promise to pay for them. *Neal* v. *Stanley*, 17 *Ga. App.* 502 (2 *a*) (87 S. E. 718); *Banks* v. *Howard*, 117 *Ga.* 94 (2) (43 S. E. 438); *Phinazee* v. *Bunn*, 123 *Ga.* 230 (51 S. E. 300); *Howard* v. *Randolph*, 134 *Ga.* 691 (4) (68 S. E. 586, 29 L. R. A. (N. S.) 294, 20 Ann. Cas. 392).

4. The refusal of the court to permit counsel for the defendants to ask a

witness for the plaintiff about transactions between him and the defendant administratrix, to show ill feeling on the part of the witness toward that defendant, was not error, where the witness had not denied the existence of such ill feeling. *McDuffie* v. *State*, 121 *Ga.* 580 (7) (49 S. E. 708); *Sasser* v. *State*, 129 *Ga.* 541 (6) (59 S. E. 255); *Durham* v. *Durham*, 156 *Ga.* 454 (2) (119 S. E. 702); *Smith* v. *State*, 12 *Ga. App.* 13 (2) (76 S. E. 647).

5. There being no plea of payment and no service of a notice to produce, it is not cause for a new trial that the court did not allow the defendant administratrix to testify that she had been unable to find any paid checks or bank statements dated or made during the time when the intestate lived in the plaintiff's home, although other like documents covering other dates were found at that place; nor did the court commit reversible error in excluding the testimony of the same witness to the effect that when she called upon the plaintiff for certain keys belonging to the intestate, the plaintiff first stated that he had no keys, but later said that when the proper authorities called for them "they would get them." None of the evidence here referred to was relevant to any issue made by the pleadings or otherwise developed upon the trial.

6. In further view of the fact that the defendants failed to plead payment, there was no error as against the defendants in refusing to permit a witness for the defendants to testify that he had sold the intestate goods with which the intestate stated he intended to pay his board. Moreover, the amount of such goods was not shown, nor was there any evidence that the goods were actually applied by the intestate to such purpose.

7. An assignment that certain excerpts from the charge of the court were erroneous, in that they contained conflicting statements "as to what were the issues in the case and did not correctly state what were the actual contentions of the defendants," and "tended to confuse the minds of the jury," is too general to raise any question for decision. *Wade* v. *Eason*, 31 *Ga. App.* 256 (120 S. E. 440).

8. The fact that the burden of proof was upon the plaintiff throughout the entire trial did not make it erroneous for the court to charge the jury as follows: "You will decide this material issue in favor of that party with whom you believe the preponderance of the evidence lies." Irrespective of where the burden of proof lay, it was correct to instruct the jury that they should find according to the preponderance of evidence upon any issue submitted. *Bainbridge Power Co.* v. *Ivey*, 38 *Ga. App.* 586 (6) (144 S. E. 825).

9. There was no merit in any of the grounds of the motion for a new trial.

   *Judgment affirmed.* *Jenkins, P. J., and Stephens, J., concur.*

   DECIDED NOVEMBER 15, 1929.

*Whitaker & Whitaker*, for plaintiffs in error.
*William T. Townsend*, contra.