## 30631. BELCHER *v.* CITY OF ATLANTA.

DECIDED SEPTEMBER 30, 1944. .

*William A. Thomas,* for plaintiff.

*J. C. Savage, J. C. Murphy, Bond Almand, Ralph Williams,* for defendant.

SUTTON, P. J.   Mrs. Willie Mae Belcher filed a suit for damages for personal injuries against the City of Atlanta.   The petition as amended alleged: (1) that the City of Atlanta is a municipal corporation in Fulton County; (2) that a claim for damages for personal injuries, in accordance with the requirement of the statute in that respect, was duly filed with the city before bringing suit, a copy of said notice being attached to the petition; (3) that about 7:30 p. m., on the night of May 3, 1943, almost in front of 772 Reed Street, within the official boundaries of the City of Atlanta, Georgia, she was walking along Reed Street; that she was required to walk in said street because there was no sidewalk on either side of said street at said place; that at said time and place there existed a gully approximately ten inches deep in said street, and in addition to the gully there was also within a few inches of

said gully two or three rocks or similar substances which were hard like a rock, partly imbedded in the surface of said street, which varied in size, one being approximately ten inches in diameter, which stuck up or protruded upward from the surface of said street; that she did not know of the existence of said gully, nor did she know of the existence there in said Reed Street, adjacent to said gully, of said stones or hard substances; that when she walked along the surface of said street at said time and place, it was dark and she could not and did not see either said gully or rocks or similar obstructions which were there existing and which were, in addition to the natural darkness due to the lateness of the hour, additionally darkened due to the fact that said street at said time and place was more of a large ·gully itself, with high banks to either side and houses and weeds and other undergrowth surrounding the environment; that under these circumstances, she stumbled, without fault on her part, into said gully, and was thrown against the large stone or other hard obstruction approximately ten inches in diameter a few inches adjacent to said ten-inch-deep gully in said street and broke her ankle as alleged in her original petition. (The manner and extent of the injuries to the plaintiff's right ankle and her suffering as a result thereof were alleged in paragraph 4. In paragraph 5 she alleged for whom she was working, what she was earning, and what she was entitled to recover.) (6) That she was entitled to recover for pain and suffering and loss of earning capacity; (7) that the City of Atlanta through its officials responsible as such, the names of whom she does not know, was negligent and did proximately cause her injuries, in that said city failed for a period of approximately six years to repair the gully-like and rock-covered street in front of No. 772 Reed Street, Atlanta, Georgia.

The defendant demurred generally to the petition before it was amended on the ground that it set forth no cause of action, and specially to paragraph 3, which alleged that the plaintiff was injured by stepping into a gully-like depression in Reed Street, on the ground that it was not alleged what "a gully-like depression" is, and that the court could not take judicial cognizance of that term. The general demurrer was overruled on condition that the plaintiff amend to meet the special demurrer to paragraph 3 of the petition, the special demurrer to that paragraph being sustained

with the privilege to amend. After the petition was amended by substituting a new paragraph 3, as above set out, the defendant renewed its demurrers, general and special, and further demurred to the petition as amended on the ground that it failed to set forth a cause of action; that the amendment failed to meet the order on the special demurrer to paragraph 3; and that the petition as amended showed that the plaintiff's injury was due to her own negligence—that she had a like or similar knowledge of Reed Street to that the defendant had, and that she could have avoided her injury by the exercise of due care for her own protection. The court sustained the demurrer on all grounds and dismissed the action, and the plaintiff excepted.

The plaintiff's amendment was sufficient to meet the special demurrer to paragraph 3 of the original petition as will appear from the allegations contained in paragraph 3 as amended, which alleges that there was a gully approximately ten inches deep in Reed Street, where the plaintiff was injured, and that within a few inches of said gully two or three large rocks were imbedded in the street and stuck up or protruded above the surface of the street; that she did not know of the existence of said gully and rocks in Reed Street, that it was dark and she could not and did not see the gully or the rocks, and in addition to the natural darkness of the night this street at the time and place in question was additionally darkened on account of the high banks to the street and the weeds and other undergrowth there surrounding it, and that under those circumstances, and without fault on her part, she stumbled into said gully and was thrown against said rocks and her ankle was injured as alleged in the petition.

It is alleged in the petition that the defendant was negligent and did proximately cause the plaintiff's injuries, in that the city failed for a period of approximately six years to repair the gully-like and rock-covered Reed Street in the City of Atlanta, at the place where the plaintiff was injured. A municipality is bound to keep its streets in a reasonably safe condition for travel by night as well as by day, and is responsible if it fails to exercise ordinary care in this respect, where it knows or should know that the street is in an unsafe condition; and where a defect in a street has existed for such a length of time that the city in the exercise of ordinary care and diligence ought to have discovered and remedied

598

it, actual notice of such defect is unnecessary. Whether a defect in a city street is such as to give a right of action to a person injured on account of the defect complained of is ordinarily a question for a jury to determine under the facts and circumstances alleged. *Mayor &c. of Buford* v. *Medley,* 58 *Ga. App.* 48 (197 S. E. 494) ; *McMahen* v. *N. C. & St. L. Ry. Co.,* 68 *Ga. App.* 397 (23 S. E. 2d, 81).

As against the general demurrer the allegations of the petition must be taken as true. Of course, the plaintiff must show by her petition that the negligence of the defendant was the proximate cause of the injury complained of. The petition in the present case sets forth a defect in the street in question, the circumstances and conditions existing at the time the street was being used by the plaintiff, and it is alleged that the proximate cause of her injury was due to the negligence of the defendant in failing to repair the street in question for a period of six years. Under the allegations of the petition, it can not be said as a matter of law that the plaintiff was not in the exercise of proper and due care for her own safety, and that her injury was caused by her own negligence. Where a defect has existed in a street for such length of time that reasonable diligence in the performance of their duties by the proper municipal authorities the defect should or ought to have been known, notice will be presumed, and proof of actual knowledge will not be necessary in order to render the city liable for injuries occasioned by such defect. It would seem from the allegations of the petition that the defect in the street here complained of was brought about by the forces of nature and the failure on the part of the city to repair the same for a number of years.

There was no demurrer to the petition on the ground that it was not alleged that Reed Street was a public street, but counsel for the defendant in error in their brief here raise the question, and cite the cases of *City of Atlanta* v. *Keiser,* 50 *Ga. App.* 600 (179 S. E. 192), and *Mayor &c. of Savannah* v. *Lyons,* 54 *Ga. App.* 661 (189 S. E. 63). These cases are without application under the allegations of the petition in the present case. The street involved in the *Keiser* case was located on property owned by the City of Atlanta and used by it solely for school purposes, and it was held that the maintenance of the street in question was a gov-

ernmental function and for that reason the city was not liable. In the *Lyons* case the roadway in question was not alleged to be a street but was described in the petition as a roadway, and it further appeared it was outside of the corporate limits of the City of Savannah, and it was held that such a roadway was not a street. The petition in the present case alleged that the plaintiff was injured while walking at a designated place on Reed Street within the corporate limits of the City of Atlanta.

In *Robins* v. *McGehee,* 127 *Ga.* 431 (1) (56 S. E. 461), a street is defined as follows: "A street is a road or public way in a city, town or village, laid out and opened for travel by the public," and in Bouvier's Law Dictionary (vol. 3, p. 3157), is found the following definition: "Street: a public thoroughfare or highway in a city or village; it differs from a country highway;" and in Black's Law Dictionary: "A street is a public thoroughfare or highway in a city or village." "Strictly speaking the word 'street' relates to a public way within a municipality only." San Francisco-Oakland Terminal Rys. *v.* Alameda County, 66 Cal. App. 77, 81 (225 Pac. 304). "A street is a public road or way in a city, village or town; so that it is not necessary to allege that injuries sustained on the street were sustained on a public street." 7 Words & Phrases, 6688; 40 Words & Phrases (Perm. ed.), 272; City of Ottawa *v.* McCreery, 10 Kan. App. 443 (61 Pac. 986). As against the demurrer, the allegations of the petition with respect to the street in question were sufficient to show that the city was under a duty to keep it in repair.

Under the allegations of the petition, it is a question for a jury to determine whether the plaintiff's injury was proximately caused by the negligence of the defendant, or whether her injury was due to her own negligence, or failure on her part to exercise due care for her own protection. The petition set out a cause of action, and the court erred in sustaining the demurrer and dismissing the action. *Judgment reversed. Felton and Parker, JJ., concur.*