38057.   CITY OF ALBANY *v.* HUMBER.

DECIDED FEBRUARY 8, 1960—REHEARING DENIED
MARCH 15, 1960.

*H. G. Rawls,* for plaintiff in error.

*Smith, Gardner, Kelley & Wiggins, B. C. Gardner, Jr.,* contra.

NICHOLS, Judge. ■ The one special ground of demurrer argued in the defendant's brief complained of the allegations contained in paragraph 9 of the petition. The attack on this paragraph was as follows: "It is not alleged therein nor elsewhere in the petition the date or dates upon which plaintiff was unable to attend her business or occupation on account of her alleged injuries." The paragraph at which these complaints were lodged was as follows: "The plaintiff has been delayed and hindered in her business and occupation and lost of a great deal of time therefrom." The petition elsewhere alleged that the plaintiff was injured on September 16, 1958, that she was totally disabled and in bed for eight days, that after that time she was allowed to return to part time duty, and after three weeks she returned to full time duty but was unable to perform properly her duties. In view of the above allegations it was not error for the trial court to overrule the special demurrer, for while each date is not expressly alleged, facts sufficient to notify the defendant of the information sought by the demurrer were alleged.

■ The general demurrers filed to the plaintiff's petition allege that it set forth no cause of action because the allegations of

the petition show that by the exercise of reasonable care and diligence the plaintiff could have avoided the injuries which she allegedly sustained.

The petition alleged in part: "That on September 16, 1958, at approximately 8:55 a.m., while plaintiff was walking along said sidewalk in an easterly direction along said sidewalk from the curb of Jefferson Street in a prudent and careful manner, she stepped into a crack or hole in sidewalk, said crack or hole being approximately 1½" to 2½" wide and approximately 2" deep, caught her shoe heel therein, and was precipitated violently forward, striking on her knees, causing her right knee to strike a block of uneven pavement which was protruding one and one-half or two inches above the normal level of the walk which protrusion of the block of pavement was approximately two or three feet east of the first hole or crack in which plaintiff's heel was caught, cutting her knee almost to the bone. . . The said fall was due solely to the defendant's negligence in not constructing and keeping said sidewalk in a reasonably safe condition and was without negligence on the part of the plaintiff. The sidewalk from the east curb line of Jefferson Street and north of the oak tree which was formerly located on the west side of the Post Office contained deep holes of various widths and depths and deep ruts and the exact location, width and depth of said holes, ruts and depressions being unknown to plaintiff. Defendant permitted the surface of sidewalk in the area where plaintiff was hurt to become uneven and rough with the sidewalk protruding at places from one and one-half to two inches above the normal walking level of the sidewalk. Defendant had negligently permitted the said holes, ruts and depressions to become filled with loose sand, the depth of which was unascertainable to persons using said sidewalk and constituted danger to the public without warning by the defendant. Plaintiff did not see and could not have seen in the exercise of ordinary care, the defects in the sidewalk at the site where she sustained her injuries, for the reason that the hole and crevices into which her heel became stuck throwing her violently forward against the uneven blocks of pavement protruding approximately 2" above the general level of the sidewalk, was filled with loose sand and dirt and the uneven

portion of the sidewalk against which her knee struck, was covered with debris and leaves. The defects herein alleged in this paragraph were well known to the defendant and had existed for a long period of time and plaintiff or other users of the sidewalk could not in the exercise of ordinary care for their own safety have detected the dangers thereof and defendant had failed to warn plaintiff or other users of the sidewalk of the dangers existing at the site where she was injured. . ."

"A municipal corporation is bound to exercise ordinary care in maintaining its sidewalks and streets in a reasonably safe condition for ordinary modes of travel both by day and by night, and the failure to exercise such care, coupled with knowledge by th'e defendant of a defect or hazardous condition, will give a cause of action for an injury resulting from such defect. *Coker* v. *City of Rome,* 53 *Ga. App.* 533 (186 S. E. 585) ; *Belcher* v. *City of Atlanta,* 71 *Ga. App.* 595, 597 (31 S. E. 2d 612). Even a minor defect causing an injury is sufficient to authorize a submission to a jury of the question of whether or not a defendant municipality was negligent in permitting it to remain. *Coker* v. *City of Rome,* supra, at p. 354. The petition as amended alleges actual knowledge of the condition on the part of the municipality, and negligence on its part in permitting the defect or hazardous condition to remain after such knowledge, and injury to the plaintiff resulting from the hazardous condition. As against a general demurrer those allegations were sufficient. See *City of Brunswick* v. *Glogauer,* 158 *Ga.* 792 (1), 801-812 (124 S. E. 787) ; *City of Thomasville* v. *Campbell,* 38 *Ga. App.* 249 (143 S. E. 922) ; *City of Rome* v. *Hanson,* 57 *Ga. App.* 222 (194 S. E. 887)." *Mason* v. *Crowe,* 88 *Ga. App.* 191, 194 (76 S. E. 2d 432). Under the above quoted allegations of the plaintiff's petition and the quoted decision, the judgment of the trial court overruling the defendant's general demurrers was not error.

■ The trial court denied the defendant's motion for a directed verdict made at the conclusion of the plaintiff's evidence (the defendant introduced no evidence), after both sides had closed. Thereafter the defendant's motion for a judgment non obstante veredicto was denied, and the defendant excepts to such judgment. Under the decision in *Southwind Trucking Co.* v.

*Harvey,* 96 *Ga. App.* 715 (101 S. E. 2d 223), and the authorities there cited, the judgment denying the defendant's motion for a judgment non obstante veredicto was not error since there had been no legal motion for a directed verdict. Moreover, as will be shown elsewhere in the decision the verdict for the plaintiff was authorized.

■ The first special ground of the defendant's amended motion for new trial was expressly abandoned by the defendant and will therefore not be considered.

■ Special grounds 2 and 3 of the amended motion for new trial complain of quoted excerpts from the court's charge which have, in other cases, been approved by this court and the Supreme Court. Special ground 2 complains of an excerpt of the charge of the court which was approved in the third division of the opinion in *Langran* v. *Hodges,* 60 *Ga. App.* 567, 569 (4 S. E. 2d 489), and special ground 3 complains of an excerpt from the charge quoted in *Langran* v. *Hodges,* supra, from *Atlanta Street R. Co.* v. *Jacobs,* 88 *Ga.* 647, 652 (15 S. E. 825). See also *Jones* v. *Hutchins,* 101 *Ga. App.* 141. No reversible error is shown by these special grounds of the amended motion for new trial.

■ Special grounds 4 and 5 of the amended motion for new trial complain of the following excerpts from the court's charge respectively: "You will decide the material issues involved in this case in favor of the party with whom you find the preponderance of evidence lies upon those material issues. . . On the other hand, if you find, under a preponderance of the evidence and under the charge that I have given you, that the City of Albany should prevail in the case then this form of your verdict would be sufficient: We, the jury, find in favor of the defendant."

Judge Stephens, in *Modern Woodmen of America* v. *Williams,* 36 *Ga. App.* 359 (3) (137 S. E. 100), said: "Irrespective of which party to the controversy may be required to carry the burden of proof, and although the other party is not required to establish his defensive matter by a preponderance of evidence in order to prevail, it is nevertheless a legal truism that the party who does in fact establish his contentions by a preponderance of evidence is entitled to prevail. A charge, therefore, to the effect

that the jury should find in favor of that party in whose favor the preponderance of evidence lies states a correct principle of law, and is not error upon the ground that the court should have charged in addition that if there was no preponderance of the evidence, but if the evidence was evenly divided as to weight, the defendant should prevail." This language was quoted with approval by Justice Jenkins in *Calhoun* v. *Babcock Bros. Lumber Co.*, 198 *Ga.* 74, 81 (30 S. E. 2d 872), in passing on a similar question. See also *Strahley* v. *Hendricks*, 40 *Ga. App.* 571, 572 (8) (150 S. E. 561), where it was said: "The fact that the burden of proof was upon the plaintiff throughout the entire trial did not make it erroneous for the court to charge the jury as follows: 'You will decide this material issue in favor of that party with whom you believe the preponderance of the evidence lies.' Irrespective of where the burden of proof lay, it was correct to instruct the jury that they should find according to the preponderance of evidence upon any issue submitted. *Bainbridge Power Co.* v. *Ivey*, 38 *Ga. App.* 586 (6) (144 S. E. 825)." Both of these special grounds of the amended motion for new trial were without merit.

■ The sole remaining special ground of the motion for new trial contends that the verdict was excessive. This ground and the usual general grounds of the motion for new trial will be considered together.

The plaintiff's petition has been set forth in part above and there is no need to set forth such contentions again. The plaintiff testified substantially in accordance with the allegations of her petition, and although the defendant municipal corporation contends that the evidence discloses that any injury which she suffered was the result of her own negligence, the evidence adduced on the trial of the case does not support, much less demand, such a finding. The evidence disclosed that the sidewalk where the plaintiff was injured was paved with paving blocks, that a tree was growing in the middle of the sidewalk, and its roots had caused the paving blocks to become dislodged to some extent so that the sidewalk was not level but was as much as two inches higher in some places than others. These defects the plaintiff knew about and expected as she so testified, and she was

watching for these defects when her heel stuck in a hole approximately 2″ wide which was filled with loose sand the same color as the sidewalk.

As was said in *City Council of Augusta* v. *Hood,* 95 *Ga. App.* 259, 261 (97 S. E. 2d 639), quoting from *Glover* v. *City Council of Augusta,* 83 *Ga. App.* 314, 316 (63 S. E. 2d 422): " 'One is not bound to the same degree of care in discovering or apprehending danger in moments of stress or excitement or when the attention has been necessarily diverted as at other times.' citing *City of Rome* v. *Phillips,* 37 *Ga. App.* 299 (2) (139 S. E. 828)." In the present case where the plaintiff's attention was diverted by the more obvious defects in the sidewalk, the unevenness caused by the uprooted paving blocks, it cannot be said as a matter of law that she failed to exercise ordinary care for her own safety when her heel caught in another defect in the sidewalk causing her alleged injuries.

The verdict in the amount of $5,006 was not so excessive as to require a reversal. See *City of Commerce* v. *Bradford,* 94 *Ga. App.* 284 (5) (94 S. E. 2d 160); and *Nunnally* v. *Shockley,* 97 *Ga. App.* 300, 308 (103 S. E. 2d 74), where it was said: "In *Atlantic Greyhound Corp.* v. *Austin,* 72 *Ga. App.* 289, 292 (33 S. E. 2d 718) it is said: 'This court does not have as broad discretionary powers as are conferred on trial judges in setting aside verdicts as excessive. When a case comes before this court, after the refusal of a new trial by the presiding judge, it comes not only with the presumption in favor of the verdict, but also stamped with the approval of the judge who tried the case, and where no prejudice, or bias, or corrupt means in reaching the verdict appear, we are not authorized to set it aside as being excessive.' " The verdict was not without evidence to support it, and the judgment denying the defendant's amended motion for new trial was not error for any reason assigned.

*Judgments affirmed. Felton, C. J., and Quillian, J., concur, except that Felton, C. J., concurs specially as to Division 3.*

FELTON, Chief Judge, concurring specially in the ruling in Division 3 of the opinion.

Whatever may have been the law before the enactment of our new law providing for judgments notwithstanding verdicts, I am

of the opinion that the new law intends that a motion for a directed verdict may be made by a defendant who does not introduce any evidence but closes his case. The act of 1953 (Ga. L. 1953, Nov.-Dec. Sess., pp. 440, 444 et seq.), provides in part as follows: "Whenever a motion for a directed verdict, made at the close of all the evidence is denied, or for any reason is not granted, a party who has moved for a directed verdict, within 30 days after the reception of verdict, may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for directed verdict; . . ." One purpose in the enactment of this law was to end litigation and in my view the purpose was to end litigation in such a situation as is mentioned above, as well as others. Although the case is not exactly in point, the Supreme Court in *Southern Bell Tel. & Tel. Co.* v. *Brackin*, 215 Ga. 225 (109 S. E. 2d 782) held that the act above referred to effected a greater change in the old law than is suggested in this special concurrence. But for the old rulings by the Supreme Court on this question it would certainly seem logical, without the new law, that the party who subjects himself to the grant of a directed verdict against him would have a right to make such a motion in his own behalf.