A95A2796. ARTLIP v. QUELER et al.
(470 SE2d 260)

BLACKBURN, Judge.

Plaintiff Artlip appeals the trial court's grant of summary judgment to defendants (landlord) in her action for injuries sustained by her in the pool area of the apartment complex owned by the landlord where she resided. Plaintiff was standing near the rail on the lower deck which surrounded the swimming pool area of the apartment complex holding a glass of wine which she had been drinking when a small bee approached her from the adjacent lake. Plaintiff was injured when, while trying to escape the bee, she took approximately three steps backward and her leg slipped into a three- to four-inch space between a tree and the deck through which it grew and the presence of which plaintiff was aware prior to the fall.

The sole basis of negligence stated in plaintiff's complaint for the liability of landlord was that the deck was improperly maintained, stating at paragraph 10 of her complaint: "The hole in the deck was the result of improper maintenance of the deck area." The record is devoid of evidence that the deck had been improperly maintained.

To the contrary, the deposition of the landlord's maintenance supervisor was that the deck was in good condition and none of the boards around the tree were cracked or broken. The tree was approximately 15 to 20 years old, 150 feet in height, and was approximately 16 to 18 inches thick. The small space between the tree and the surrounding deck is necessary to allow for some movement of the tree when the wind blows. The pool and decking has been inspected on many occasions by the Gwinnett County inspector, without any deficiency being noted.

Prior to her injury plaintiff was very familiar with the pool area and the existence of the tree and the hole through which it grew. Plaintiff had seen trees growing through decks at other apartments and knew this was not an unusual feature. In her complaint, plaintiff identified the involved insect as an "insect," and in her deposition, she stated she was pretty sure it was a bee, not a large bee, but a small bee. The deck and pool area is adjacent to a lake, and plaintiff often saw bees flying around this area during the summer.

Plaintiff was aware of the existence of the tree and the opening around it which was behind her as she looked out over the lake at the time of the bee's approach. She swatted at the bee and took approximately three steps backwards when she fell, her foot going into the three- to four-inch area between the tall tree and the deck. Prior to her injury plaintiff was aware that there was no fence around the tree or the gaps surrounding it.

Plaintiff attempts to create a question of fact as to her knowledge of the existence of a space between the deck and the tree by stating in her affidavit at paragraph 3, "[a]lthough I had been on this deck area approximately eight (8) times before, I never thought of nor noticed that such a space existed between the deck and the tree." She further states in her affidavit at paragraph 5, that "[t]he space between the deck and the tree was approximately 3 1/2 to 4 inches in width, and was wider in one portion of the circumference than the other part of the entire perimeter of the circle that surrounded the tree."

Her deposition testimony on cross-examination, after agreeing that her previous responses had not been fact, was "Q. There ain't but one way that that tree could get up through that deck, and that would be for there to be a hole in that deck? A. I agree. Q. And you knew that, didn't you? A. I knew the tree was there. Q. And you knew there was a hole in the deck? Q. You can answer my question. You knew there was a hole there, didn't you? A. Yes." Plaintiff further deposed that the size of the gap ranged from three to four inches at the widest point down to one to one-and-one-half inches at its narrowest point. Any conflict in the plaintiff's testimony must be construed against her. *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680) (1986).

The standard of review of the trial court's grant of defendants' motion for summary judgment is a de novo review of the evidence to determine whether there is any genuine issue of material fact as to the elements required to establish the causes of action stated by plaintiff in her complaint. See *Moore v. Food Assoc.*, 210 Ga. App. 780, 781 (437 SE2d 832) (1993). The standard for granting summary judgment is that the moving party must demonstrate that there is no genuine issue of material fact, and that undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as

a matter of law. See OCGA § 9-11-56.

A party who will not bear the burden of proof at trial and who moves for summary judgment need not conclusively disprove the existence of evidence supporting every element of the nonmoving party's case. Rather, the party need demonstrate by reference to evidence in the record only that there is an absence of evidence to support at least one essential element of the nonmoving party's case. See *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

*Stuckey's Carriage Inn v. Phillips*, 122 Ga. App. 681, 688 (3) (178 SE2d 543) (1970) cited by the dissent is distinguishable from the present case. The facts in *Stuckey's* involved a motel customer who was injured when she tripped over a bedspread while trying to remove a roach from her underclothing in a room which she leased from the defendant. In that case, questions of fact existed as to the negligence of the defendant in failing to properly exterminate the premises, thereby allowing the cockroach to be present, and as to defendant's negligence in allowing the bedspread to accumulate on the floor when making the bed, even though the plaintiff was aware of the dangerous condition of the bedspread prior to her fall. The court found that, based on a "distraction" theory, the jury was authorized under the facts of *Stuckey's* to find that plaintiff's prior knowledge of the existence of the hazard would not bar her recovery.

In *Stuckey's*, there was evidence in the record of two separate acts of defendant which a jury would have been authorized to determine were negligent. While an emergency condition which results in a moment of stress or excitement amounting to a distraction may, under some circumstances, excuse a reduced degree of attention or care for plaintiff's own safety, *it cannot be used to heighten defendants' duty*, or to supply an element, otherwise missing, which plaintiff must establish in order to recover from defendant. In the present case, there is no evidence in the record of any negligence of landlord, or that the hole created in the deck to allow the tree to move in the wind constituted a defect.

To apply *Stuckey's* to the facts of this case would be to make defendants the insurer of plaintiff. It is argued that where a distraction exists, plaintiff can recover from defendants *whether or not defendants were negligent or responsible for the distraction*. If this were true, then in the present case, plaintiff would be entitled to recover had she been injured as a result of running into the tree itself, a lifeguard stand, pool chairs, or even other guests. Except in certain narrow circumstances not herein involved, under Georgia law, liability for negligence must be based on fault, not status.

Under *Lau's* standards, plaintiff must point to evidence in the record showing that the landlord committed some negligent act or failed to perform some duty which resulted in her injury. The fact

that plaintiff was unfortunately injured does not establish the existence of a defect, a duty, or a breach thereof by the landlord.

"The mere ownership of land or buildings does not render one liable for injuries sustained by persons who have entered thereon or therein; the owner is not an insurer of such persons, even when he has invited them to enter. Nor is there any presumption of negligence on the part of an owner or occupier merely upon a showing that an injury has been sustained by one while rightfully on the premises." (Punctuation omitted.) *Westbrook v. M & M Supermarkets*, 203 Ga. App. 345 (416 SE2d 857) (1992).

The trial court did not err in granting defendants' motion for summary judgment, and accordingly, we affirm.

*Judgment affirmed. Beasley, C. J., Birdsong, P. J., Pope, P. J., Andrews, Johnson, Smith and Ruffin, JJ., concur. McMurray, P. J., dissents.*

McMURRAY, Presiding Judge, dissenting.

I, respectfully, dissent as I cannot go along with the majority's conclusion that the landlord did not, as a matter of law, breach its duty of care by keeping an unrailed hole in the middle of a recreational deck at its apartment complex.[1] What is reasonably foreseen as being injurious to others is generally a jury question. *Stuckey's Carriage Inn v. Phillips*, 122 Ga. App. 681, 688 (3), 689 (178 SE2d 543). Further, I do not agree with the majority's holding that Artlip failed, as a matter of law, to exercise ordinary care for her own safety. While it is a general rule that one who has knowledge of a defective condition in the premises which is equal to that of the owner cannot rely for recovery upon a failure of the owner or operator to correct the condition, there is an exception to this rule which holds that when one is in a moment of stress or excitement and her attention is diverted from the defect, she is not to be held to the same degree of care in discovering and apprehending the danger as in ordinary situations. *Stuckey's Carriage Inn v. Phillips*, 122 Ga. App. 681, 687 (2), 688, supra.

During the early evening on August 2, 1992, Margaret Artlip was attacked by a bee while she and a friend socialized on an outdoor deck in a recreational area at her landlord's apartment complex. Swatting defensively and backing away from the darting insect, Artlip

---

[1] Contrary to the majority's narrow characterization of Artlip's complaint, this case does not merely involve a claim for negligent maintenance of the deck. Giving Artlip the benefit of all reasonable inferences that can be drawn from her complaint, it is easily seen that this case involves a claim for negligent layout and design of this recreational structure. To say otherwise ignores the basic rule that, under the Civil Practice Act, all pleadings must be construed most favorably toward the plaintiff. *Hunter v. A-1 Bonding Svc.*, 118 Ga. App. 498, 499 (2) (164 SE2d 246).

stepped into an unrailed hole that was cut into the deck to accommodate a tall Georgia pine tree. Seeking damages for injuries allegedly sustained, Artlip brought an action against her landlord, Arthur N. Queler and Michael L. Asher, each individually and as general partners of MAQ/Ashley-River Associates, L.P., MAQ/Ashley-River Associates, L.P., a Georgia Limited Partnership, and NPI Property Management Corporation, a Florida Corporation.

The landlord denied the material allegations of the complaint and filed a motion for summary judgment, arguing that Artlip's equal knowledge of the static condition on its deck bars recovery, as a matter of law. The trial court agreed and granted summary judgment in favor of the landlord.

"The decisive issues are: '(1) fault on the part of [the landlord], and (2) ignorance of the danger on the part of [Artlip] (Cit.)' *Pound v. Augusta Nat.*, 158 Ga. App. 166, 168 (279 SE2d 342) (1981)." *Shackelford v. DeKalb Farmer's Market*, 180 Ga. App. 348, 349 (1) (349 SE2d 241). With regard to the first issue, I believe the controlling issues in the case sub judice are whether the landlord exercised due care in keeping an unrailed hole in the middle of a recreational deck and whether the landlord should have foreseen or anticipated that someone may step or stumble into the hole in question as Artlip allegedly did on the evening of August 2, 1992. See OCGA § 51-3-1; *Stuckey's Carriage Inn v. Phillips*, 122 Ga. App. 681, 688 (3), supra.

What is reasonably foreseen as being injurious to others is generally a jury question. " 'In order for a party to be liable as for negligence, it is not necessary that he should have been able to anticipate the particular consequences which ensued. It is sufficient, if in ordinary prudence he might have foreseen that some injury would result from his act or omission, or that consequences of a generally injurious nature might result.' *Williams v. Grier*, 196 Ga. 327, 337 (26 SE2d 698). 'The most common test of negligence is whether the consequences of the alleged wrongful act are reasonably to be foreseen as injurious to others coming within the range of such acts, and what is reasonably to be foreseen is generally a question for the jury. (Citations.) The question for the jury is whether danger should have been recognized by common experience, or by the special experience of the alleged wrongdoer, or by a person of ordinary prudence and foresight (citations).' *Thomas v. Williams*, 105 Ga. App. 321, 326 (124 SE2d 409)." *Stuckey's Carriage Inn v. Phillips*, 122 Ga. App. 681, 688 (3), 689, supra. In the case sub judice, I find no evidence supporting the majority's holding that an unrailed hole in a recreational deck (as a matter of law) poses no danger to others, or that it is unforeseeable that someone may be injured by inadvertently stepping or stumbling into such an unguarded structure. Indeed, I do not think this Court, without expert proof regarding relevant building and construction

standards, can take judicial notice that such a design feature is safe under all circumstances, as a matter of law. I, therefore, believe that genuine issues of material fact remain as to whether the landlord breached its duty under OCGA § 51-3-1.

With regard to the second issue, the landlord argues that Artlip's equal knowledge of the static condition on the deck bars recovery, as a matter of law. The same argument was asserted under strikingly similar circumstances in *Stuckey's Carriage Inn v. Phillips*, 122 Ga. App. 681, 687 (2), supra, where the plaintiff tripped over an unduly placed bedspread (that was clearly visible to the plaintiff) because of excitement brought on by a cockroach's invasive attack. This Court then held as follows: "Ordinarily, 'one who is familiar with the premises cannot rely for recovery upon the negligence of the defendant in failing to correct a patent defect where such party had equal means with the defendant of discovering it or equal knowledge of its existence.' *Barrow v. James*, 107 Ga. App. 377, 378 (130 SE2d 352). See also *Gibson v. Consolidated Credit Corp.*, 110 Ga. App. 170, 173 (138 SE2d 77) quoting 20 RCL 56, § 52; *Standard Oil Co. v. Harris*, 120 Ga. App. 768 (4) (172 SE2d 344). However, this rule does not hold where the circumstances are such as to excuse the plaintiff from exercising the degree of care otherwise required. This latter exception finds expression in the 'distraction' or 'emergency' cases. The principle applicable here is well stated in *City of Rome v. Phillips*, 37 Ga. App. 299 (2) (139 SE 828). And see *Glover v. City Council of Augusta*, 83 Ga. App. 314, 316 (63 SE2d 422); *City Council of Augusta v. Hood*, 95 Ga. App. 259, 261 (97 SE2d 639); *City of Albany v. Humber*, 101 Ga. App. 276, 282 (113 SE2d 635). If we should hold that the plaintiff's experience when she felt the cockroach crawling up her thigh under her dress, with its claws or feet clinging to her skin, was, as a matter of law, not a 'moment of stress or excitement' amounting to a distraction of sufficient magnitude to authorize the jury to find that she is not barred from recovery because she may have exposed herself to a condition of the premises of which she had prior knowledge, we should, in effect, be ruling out the doctrine of distraction as a viable rule." *Stuckey's Carriage Inn v. Phillips*, 122 Ga. App. 681, 687 (2), 688, supra. Applying the same logic in the case sub judice, I cannot go along with the majority's holding that the bee's attack upon Artlip did not (as a matter of law) create such a "moment of stress or excitement" so as to preclude a jury's finding that Artlip is not barred from recovery because she may have exposed herself to a condition of the premises of which she had prior knowledge. Further, I believe the only distinguishing factor between the *Stuckey's* case and the case sub judice is the type of insect that allegedly prompted the panic situation. The majority's distinction of the cases simply goes to the issue of foreseeability, which (in my view) is a jury question in the case sub

judice as it was found to be in *Stuckey's Carriage Inn v. Phillips*, 122 Ga. App. 681, 687 (2), supra.

DECIDED MARCH 15, 1996 —

*Steven K. Weiner, Diane E. Bessen*, for appellant.
*Long, Weinberg, Ansley & Wheeler, J. Kenneth Moorman, Christopher J. Graddock*, for appellees.